EWBANK v. TURNER.

(Filed December 18, 1903).

1. JURISDICTION—*Superior Court—Chambers—Questions for Jury—Summons—Process—The Code, secs. 256, 255, 623—Acts 1887, ch. 276.*

Where a summons is returnable before a judge at chambers, if issues of fact appear upon the pleadings the cause should not be dismissed, but transferred to term for trial.

2. PHYSICIANS AND SURGEONS—*Dentists—Licenses—Mandamus—Acts 1887, ch. 178—Acts 1891, ch. 251—Const. N. C., Art. I, secs. 7, 31—The Code, secs. 3148, 3156.*

The granting of a certificate to practice dentistry involves matters of judgment and discretion and will not be enforced by mandamus.

ACTION by F. W. Ewbank against. V. E. Turner and others, composing the Board of Examiners of the North Carolina Dental Association, heard by *Judge B. F. Long,* at Chambers, October 31, 1903, at Marion, N. C. From a judgment for the defendants the plaintiff appealed.

*Davidson, Bourne & Parker, Toms & Rector* and *E. W. Ewbank,* for the plaintiff.
*Busbee & Busbee,* for the defendants.

CLARK, C. J. The complaint alleges that the plaintiff graduated with distinction in the dental department of the Baltimore Medical College, an institution of high and well recognized standing, after prosecuting his studies in dentistry therein for the prescribed period of three years; that thereafter he made application to the proper authorities for license to practice dentistry in South Carolina, and after examination he was found duly proficient and qualified, and license was issued to him, under which he practiced in that State; that thereafter on removal to this State he made application for examination and license under our laws; that the board not being in session, under the provision of the statute he was examined by a single member of the board, was found duly qualified and proficient and was given a temporary license 26 January, 1902, which for certain reasons was renewed by a second temporary license till the meeting of the full board 19 June, 1903; that under these licenses he practiced dentistry for nearly a year and a half and built up a lucrative practice; that on 19 June, 1903, he was examined by the full board, and though he, as he avers, showed on such examination that he "possessed the necessary and required proficiency in the knowledge and practice of dentistry and underwent a satisfactory examination, as required by the statute in such case made and provided, as will abundantly appear from an inspection of his examination papers, the said board and the majority of the defendants composing said board unlawfully, unjustly and arbitrarily, and without just cause or reason and abusing the discretion with which they were clothed by the laws of North Carolina, refused and yet refuse upon the repeated demands of the plaintiff to issue and grant to him a certificate of proficiency, to which he was and is entitled, and which it was and is the duty of the defendants to issue and grant."

The above is the gist of the complaint, which further avers

that by reason of such refusal to issue him a certificate of proficiency upon such examination, the defendants composing the Board of Examiners of the North Carolina Dental Society "thereby wrongfully, arbitrarily, unjustly and unlawfully prevented him from engaging in the practice of dentistry in this State, to his great damage, to-wit, in the sum of five thousand dollars or more," and prays for a mandamus to compel said board to issue to the plaintiff "a certificate of proficiency in the knowledge and practice of dentistry," and that "he have such other and further relief as he may be entitled to in the premises." An answer was filed denying that the plaintiff had passed a satisfactory examination or was entitled thereon to a certificate of proficiency, and denying that the action of the board could be reviewed by the courts.

The summons was made returnable at Chambers. The plaintiff moved (1) That the Court submit the issues raised by the pleadings to a jury at the next term, under the proviso in The Code, sec. 623. (2) That the plaintiff be permitted an inspection and to take a copy of his examination papers. (3) That he be permitted to take a copy of the examination papers prepared and submitted by certain parties named, which were submitted to the board upon their examination to practice dentistry at the same time and place when the plaintiff was rejected. These motions were each refused, and the plaintiff excepted.

The defendant moved to dismiss for want of jurisdiction on the ground that this was an action for a money demand and the summons had been made returnable before the Judge at Chambers. The plaintiff thereupon moved to strike out the words "to his great damage, to-wit, in the sum of five thousand dollars or more." The Court denied this motion upon the ground that it had no power to allow such amendment, and the plaintiff excepted. The Court thereupon dis-

missed the action on the ground that it had no jurisdiction thereof. The plaintiff again excepted and appealed.

When the summons in a case of which the Superior Court has jurisdiction is brought before the Clerk to term, or before the Judge at Chambers, it is equally in the Superior Court, and there is no defect of jurisdiction. If brought before the Clerk when it should have been brought to term, it is said in *Elliott v. Tyson,* 117 N. C., at p. 116, when it gets "into the Superior Court by appeal or otherwise, the latter has jurisdiction of the whole cause and can make amendment of process to give effectual jurisdiction. Such amendment will be presumed, or the Supreme Court even can amend the process if necessary," quoting *McLean v. Breese,* 113 N. C., 390, citing *Capps v. Capps,* 85 N. C., 408; *Cheatham v. Crews,* 81 N. C., 343; *Robeson v. Hodges,* 105 N. C., 49, and adding: "Unlike the court of the justice of the peace, the Clerk is really a part of the Superior Court, and a case wrongfully instituted before him upon appeal only needs an amendment of process to justify the original service." The same principle as to the jurisdiction of the Superior Court is recognized by chapter 276, Laws 1887, amending section 255 of The Code (see Clark's Code, 3d Ed., sec. 255), and cases cited in *Roseman v. Roseman,* 127 N. C., at p. 497, reaffirmed *In re Hybart,* 129 N. C., at p. 131; *Ury v. Brown,* 129 N. C., 271; *In re Anderson,* 132 N. C., at p. 247; *Railroad v. Stroud,* 132 N. C., at p. 416. For the same reason, if a case is before the Judge at Chambers, if there are issues of fact appearing upon the pleadings, the cause should not be dismissed but should be transferred to term for trial before a jury; The Code, sec. 623; just as the Clerk might so transfer it; The Code, sec. 256. As said in cases above cited, it would be strange to dismiss an action already in the Superior Court because before the Clerk or the Judge at Chambers, and tell the plaintiff to come back into the same Court before the same

Judge, the same Clerk being present, at term, by service of another summons upon the same parties. The remedy is not to dismiss, but (the parties being already in Court by service of summons) simply to transfer the cause to the proper docket. This does no one any detriment, saves time and costs and avoids the unseemly countermarching incident to the old practice when a plaintiff was put out of one court by one door, if he wrongfully brought an action for assumpsit, for instance, and was left to guess by which door he should come back into the same room, whether by labeling his action trover, trespass, detinue or other process, the correctness of which guess he could only prove by a costly process of elimination. Even when an action is brought in the Superior Court, but in the wrong county, there being general jurisdiction, the action is now not dismissed, but is transferred to the court in the proper county.

The Court erred in dismissing the action for want of jurisdiction. It was in the Court that had jurisdiction. No amendment was necessary, but if it were desirable, it was error to hold that the Court had no power to allow it. *Piercy v. Watson,* 118 N. C., 976; *Thomas v. Womack,* 64 N. C., 657. Besides, the incidental averment that the plaintiff "was damaged five thousand dollars or more" did not make it an action for a money demand. It was, certainly in view of the disclaimer of the plaintiff, an action solely for a mandamus to obtain the "certificate of proficiency," and hence it presented only matter of which the Judge had jurisdiction at Chambers.

The defendants move in this Court to dismiss the action because the complaint does not state a cause of action, in view of the plaintiff's averment that he does not seek to recover damages. The requirements as to examination and procurement of a certificate before beginning the practice of dentistry in this State are set out in chapter 178, Laws 1887,

134——6

amended by chapter 251, Laws 1891 (which are substituted for The Code, sec. 3148), and The Code, secs. 3149-3156. The power of the Legislature to require examination and certificate as to the competency of persons desiring to practice professions or skilled trades is upheld, after a review of the authorities, *State v. Call,* 121 N. C., 643. That decision was reaffirmed in *State v. McKnight,* 131 N. C., 717, 59 L. R. A., 187, the Court calling attention to the fact that the State exercises this police power for the protection of the public from impostors and incompetents, and not to the end of conferring exclusive privileges upon any particular body of men, for to do the latter is prohibited by the State Constitution, secs. 7 and 31, Article I, which forbids exclusive privileges and monopolies. It is a power to be exercised for the public good, and the Legislature is to judge of the method of appointing the examiners, and can prescribe the nature of the examination, unless it appear plainly that the power to regulate is used in reality in violation of the guarantees in the above-cited article of the Constitution, and for the purpose of conferring exclusive privileges, and not solely for the protection of the public. *State v. Biggs,* 133 N. C., 729. No such violation of these constitutional guarantees appears or is alleged in this case. The Code, sec. 3149, provides for a Board of Examiners, to consist of six members of the North Carolina Dental Society, to be selected by said society. The presumption is that this honorable body will elect six of its ablest and most prominent members for the important duty of keeping up the standard of their profession by a just, reasonable and impartial examination of applicants. Should this important duty be neglected and incompetent or unworthy members be chosen, the remedy is by legislative repeal or change of the methods of selecting the board. Section 3151 provides that "said board shall grant a certificate of proficiency in the knowledge and practice of dentistry to all

applicants who shall undergo a satisfactory examination, and who shall receive a majority of votes of said board upon such proficiency."

The law-making power having entrusted such examination to the board thus constituted, and required that the examination shall be satisfactory to them, and such requirements being reasonable and in violation of no constitutional provision, the courts cannot intervene and direct the board to issue a certificate to one who the majority of the board have held has not passed a satisfactory examination because upon the examination of experts the court or jury might think the examination of the plaintiff ought to have been satisfactory to the board. That is a matter resting in the consciences and judgment of the board, under the provisions of the law, and the courts cannot by a mandamus compel them to certify contrary to what they have declared to be the truth. Had the board refused to examine the applicant upon his compliance with the regulations, the Court could by mandamus compel them to examine him but not to issue him a certificate when the preliminary qualification required by law, that the applicant shall be found proficient and competent by the examining board, is lacking. *Burton v. Furman,* 115 N. C., 166; *Loughran v. Hickory,* 129 N. C., 281.

But the plaintiff contends that supposing his averment to be true that the defendants "wrongfully, unlawfully, unjustly, arbitrarily and without just cause or reason" declined to issue him license, has he no remedy? Certainly he has a remedy, for no one is authorized to discharge a public trust in that manner. But the remedy is not by mandamus to compel the board to certify contrary to their consciences and judgment, for no certificate of proficiency can issue, under the statute, except upon a certificate of satisfactory examination by the board. One remedy, if there should ever happen such abuse of trust, is, as already stated, by the Legislature

repealing the act or providing a different method of selecting the board, or regulating the method or course of examination, or prescribing a review of the finding of the board by some other body, if the General Assembly should think proper. Another remedy would be to follow the precedent set by applicants for license to practice law, who, when rejected, study their prescribed course over again and stand for examination at the next regular day. This is perhaps the most sensible course, for no man ever knows his profession too well.

Another remedy still: If the applicant avers his rejection was caused by improper motives, his remedy is an action for damages against the individuals composing the board, alleging bad faith or arbitrary disregard of their duties or improper animus against the plaintiff or other malversation in their discharge of duty. In such action it might be difficult to prove the charges unless by declarations made by the defendants themselves, for certainly the examination paper of the plaintiff himself would not be competent in the first place, since, though experts might testify to its sufficiency in their judgment, that does not negative the good faith of the board, whose judgment, if exercised in good faith, is a protection to them. Malicious, illegal or arbitrary action must be shown by direct evidence, and not by inference to be drawn by the jury, from the fact that the opinion of witnesses introduced as experts may differ from the opinion of a legal board of examiners as to the sufficiency of the examination. It is only when there shall be other evidence first introduced laying a sufficient ground, *aliunde*, for a charge of bad faith and misconduct that the examination paper of the plaintiff could possibly be competent, and then only in corroboration of the evidence first introduced. And in no aspect could the papers of other applicants at the same time and place be put in evidence, for even if they had been admitted to practice on insufficient answers the plaintiff was not hurt thereby, and the

introduction of irrelevant matter would only confuse the issue, which would be whether the plaintiff was refused a certificate, though he was shown to be qualified by his answers, by the arbitrariness, improper animus and misconduct of the examining board. We mention this point, as the refusal of the motions to permit the inspection and copying of the examination papers was discussed before us and ably presented in the argument of counsel.

The granting a certificate to practice involves matters of judgment and discretion on the part of the board, and will not be enforced by mandamus. *State v. Gregory,* 83 Mo., 123, 53 Am. Rep., 565; *Hart v. Folsom,* 70 N. H., 213.

The complaint alleging as ground of misconduct merely the fact that the examination should have been found sufficient by the board does not state a cause of action authorizing the issuing of a mandamus. *People v. Dental Examiners,* 110 Ill., 180; *Dental Examiners v. People,* 123 Ill., 227; *Williams v. Dental Examiners,* 93 Tenn., 619, and cases therein cited at p. 628; *State v. Colman,* 64 Ohio St., 377, 55 L. R. A., 105. Mandamus cannot be used as a writ of error to revise and reverse erroneous judgments of a subordinate tribunal (in that case a board of health), and the Court "will not and cannot look into the evidence of fact upon which the judgment of the board was based for the purpose of determining whether the conclusions drawn from it were correctly or incorrectly formed." *Kirchegessner v. Board of Health,* 53 N. J. Law, 594.

Let it be entered:

Action Dismissed.