JAMES E. HAYES, AND RUTH HAYES AND LOIS HAYES, BY THEIR NEXT FRIEND, JAMES E. HAYES, v. E. A. BENTON, J. L. HOFLER, J. C. HOLLAND, J. M. GLENN, C. D. GATLING, T. B. PARKER, D. A. WILEY, T. J. JESSUP, BOARD OF EDUCATION OF GATES COUNTY, AND THE GATES CONSOLIDATED SCHOOL.

(Filed 16 March, 1927.)

**1. Education—Counties—Statutes—Limits for Transportation of School Children—Discretionary Powers.**

> Under the express provisions of statutes, 2 C. S., 5412, 3 C. S., 5489, the county board of education has the power, within its sound discretion, to prescribe and define the lines of demarcation within which children of

the public school age may be transported by the county to a given public schoolhouse, and have it applied in general terms to all such children living beyond the lines so fixed.

**2. Mandamus—Pleadings—Demurrer.**

Mandamus is an extraordinary remedy allowed in civil matters to compel a public officer to perform some legal duty clearly required of him by law, when no other remedy is available, and the complaining party must clearly establish the violation of his right to obtain the relief sought.

CLARKSON, J., dissenting.

APPEAL by plaintiffs from *Nunn, J.,* at December Term, 1926, of GATES. Affirmed.

The substance of the material allegations in the complaint may be stated as follows: Benton, Hofler and Holland compose the board of education; Glenn is superintendent of public instruction; Jessup is principal, and Gatling, Parker and Wiley are the school committee. Ruth Hayes, 16 years of age, and Lois Hayes, 6 years of age, children of James E. Hayes, reside within the bounds of the consolidated district, are of good moral character, and are entitled to attend the consolidated school. The school comprises a large territory in the northwest section of the county, and transportation is necessary to enable many of the children to go to and from the school building. Four busses are employed, for the use of which the board of county commissioners provided funds at the request of the county board of education. Ruth and Lois Hayes began to attend the school at the fall session of 1926, and continued to attend until 8 November, when they were dismissed from school by the principal under direction of the county board for violating the transportation rules made by this board. It is alleged also:

12. That Lois Hayes is a minor, 6 years of age, and that Ruth Hayes, who is sixteen years of age, is afflicted, and has been operated on at the hospital, and because of the condition of her feet, and because of the age of Lois, they reside at a distance too far from the school to attend without being transported, and that the said board of education and committee have provided a bus which passes the home of plaintiffs, and which can take these plaintiffs to and from school, and which, until 8 November, 1926, did take them to and from school; that the said bus takes other children in said district to said school.

13. That the board of education, as plaintiffs are informed and believe, have had the said children dismissed from the said school because they rode on this bus with the other school children, and not because of any violation of the rules of the said school.

14. That the said James E. Hayes is a man of limited means; that he is a farmer; that he is not able to furnish transportation to the said Ruth and Lois Hayes, and they are prohibited from attending the said school and from deriving the benefits of an education by reason of the conduct of the board of education of Gates County, which is wrongful and unlawful, and injurious to the plaintiffs, and deprives them of their rights to attend said school and receive the benefits which they are entitled to from the said public school of Gates County, and said conduct prohibits the said James E. Hayes furnishing to his children the necessary school advantages as provided by law.

15. That the defendants gave no excuse for their wrongful conduct, except that they say that the two children specifically set out above, live within two and one-half miles of the said school building by about fifty yards.

16. That the defendants know that Ruth Hayes is afflicted, and has been from infancy, and is not able to walk to school, and that Lois Hayes is just 6 years of age, and the distance is too great for her to attend school without transportation; that the said James E. Hayes does not ask the privilege of his other four children riding in the school bus, and they attend school regularly, and walk to and from school.

The prayer is that the defendants be compelled to permit Ruth and Lois Hayes to be conveyed in the bus to and from the school, etc.

The defendants filed an answer denying the material allegations of the complaint and setting up the plaintiffs' alleged failure to state a cause of action in that it appears from the complaint that there is no allegation of bad faith on the part of the defendants or any plain duty imposed upon them for which mandamus would lie in the event of their refusal; but that it does appear that the defendants acted within a reasonable and legal discretion vested in them under the law. There was a judgment dismissing the action, to which the plaintiffs excepted and from which they appealed.

*A. P. Godwin and Aydlett & Simpson for plaintiffs.*
*Ehringhaus & Hall for defendants.*

ADAMS, J. The General Assembly has provided that the county board of education upon consolidating two or more school districts into one shall be authorized and empowered to make provision for the transportation of pupils in the consolidated district who reside too far from the schoolhouse to attend without transportation; also that the expense of transportation, when included in the budget and duly approved, shall be paid out of funds provided by the board of county commissioners.

3 C. S., 5489. Pursuant to these provisions the board of education in Gates County provided for the transportation of pupils within the boundaries of the consolidated district who reside more than two miles and a half from the school building. The plaintiffs allege that they live not quite this distance from the schoolhouse, but that Ruth and Lois Hayes, despite this fact, have the legal right to be conveyed in the bus to and from the school, and that they are entitled to a writ of mandamus to compel the enforcement of their alleged right.

Mandamus is an action or proceeding of a civil nature extraordinary in the sense that it can be maintained only when there is no other adequate remedy and designed to enforce clear legal rights or the performance of ministerial duties which are enjoined by law; but the writ will not be issued to enforce an alleged right which is in doubt. Not only must the plaintiff show that he has a clear legal right; he must show that the opposing party is under legal obligation to perform the act or to grant the relief for the performance or enforcement of which the action is prosecuted. 38 C. J., 541; *Johnston v. Board of Elections,* 172 N. C., 162; *Britt v. Board of Canvassers, ibid.,* 797; *Person v. Watts,* 184 N. C., 499, 505; *Person v. Doughton,* 186 N. C., 723; *Umstead v. Board of Elections,* 192 N. C., 139; *Lewis, Treasurer, v. Comrs., ibid.,* 456.

It is important to note that the action was not brought to compel the defendants to exercise their jurisdiction or discretion, or to perform a duty which is merely ministerial; it was instituted for the purpose of compelling the defendants to abrogate or to disregard a rule which the board of education had established by express authority of law. 2 C. S., 5412, School Code, secs. 29, 30; 3 C. S., 5489; School Code, sec. 81. It is, therefore, evident that the plaintiffs' allegations, if admitted, are not sufficient to establish a clear legal right to have the writ issued. The Legislature, in authorizing the county board of education to provide for the transportation of pupils, gave it power in the exercise of its sound discretion to fix and designate the geographic line between those who do and those who do not reside too far from the schoolhouse to attend without transportation. The line thus established is the final determination of the boundary beyond which the use of the bus is necessary; and in the absence of abuse the discretion exercised by the board in fixing the dividing line cannot be set aside or controlled by the courts. In *Newton v. School Committee,* 158 N. C., 187, it is said: "In numerous and repeated decisions the principle has been announced and sustained that courts may not interfere with discretionary powers conferred on these local administrative boards for the public welfare unless their action is so clearly unreasonable as to amount to an oppressive

and manifest abuse of discretion. *Jeffress v. Greenville,* 154 N. C., 499; *Board of Education v. Board of Commissioners,* 150 N. C., 116; *Rosenthal v. Goldsboro,* 149 N. C., 128; *Ward v. Comrs.,* 146 N. C., 534; *Small v. Edenton,* 146 N. C., 527; *Tate v. Greensboro,* 114 N. C., 392; *Brodnax v. Groom,* 64 N. C., 244."

It is necessary to bear in mind the reason assigned for dismissing the children from school—their persistent violation of the rule made by the board for the transportation of pupils. They were denied transportation only because they resided within two and one-half miles from the schoolhouse. The principal of the school said that he regretted the necessity, but was compelled to dismiss them for this cause. They did not base their alleged right to transportation on the ground that Ruth Hayes is afflicted; they insisted upon the unconditional transportation of both children. There is no evidence that they have ever requested the board of education to modify the rule by providing for the transportation of afflicted pupils who reside within the prescribed boundary. In the complaint there is an intimation that the principal and the school committee favor the change, "provided such affliction renders said child unable to walk the distance and is so adjudged by a competent physician"; but it is not alleged that a certificate has been secured, possibly because, as suggested in the argument, Ruth Hayes has heretofore "demonstrated her ability to walk to school." The plaintiffs do not contend that the action of the defendants was corrupt or arbitrary. In its ultimate analysis their appeal presents one question: Shall pupils within the prescribed boundary make use of the bus to the exclusion of those who, under the rule made by the county board of education, admittedly reside too far from the schoolhouse to attend unless transported? To this question there can be only one answer. The writ of mandamus must be denied because the plaintiffs have failed to show a clear legal right to the relief demanded, in that the rule made by the county board of education was authorized by law and the discretion of the board in determining the line of separation is not subject to the control of the courts. The judgment is

Affirmed.

CLARKSON, J., dissenting: This is a demurrer and the facts are taken to be true. Under 3 C. S., 5489, provision for the transportation of pupils was made in this consolidated district. On account of the expense, the limit was fixed so that only children outside of two and a half miles from the school could be transported in the four busses. Plaintiff's two children—one 6 years of age and the other 16—lived with their father about fifty yards just inside the two and a half mile radius

and the bus passed the home of these children each day on the way to and from school. When school opened in the fall of 1926 these children were taken in the bus to school without objection. On 8 November, 1926, they were dismissed from school without any reason whatsoever, but solely because they had been riding in the bus to school, which was claimed to be against the rules. The principal of the school and the school committee of the district are willing that the two children shall attend school and have so expressed themselves, but the fiat of the board of education is to the contrary. This action of mandamus was brought to compel defendants to permit these children to attend school and to transport them to and from school in the bus which is provided and passes their home.

So far as the little 6-year-old girl, Lois, is concerned, I think that she would have no right to go in the bus, as the compulsory attendance law is between the ages of 7 and 14. 3 C. S., 5757. She would be on a footing with all other children in the district.

The record shows on the demurrer that Ruth is 16 years of age. She is afflicted, and has been operated on in a hospital, and because of the condition of her feet she is unable to walk to school and cannot attend without being transported. She is a cripple, and has been afflicted since infancy.

Law has many definitions. Blackstone says: "Law is a rule of civil conduct prescribed by the supreme power." "Law," according to an ancient maxim, "is good sense, and what is contrary to good sense is not good law." "Law is the enforcement of justice among men." "Law is a mode of human action respecting society, and must be governed by the same rules of equity which govern every private action."

There is nothing in the record to show that there was no room in the bus; in fact, Ruth had been, up to 8 November, 1926, taken to school in the bus. We have this picture: A little cripple child sitting by the roadside appealing to be taken with her more fortunate companions, who are not afflicted, to school. With room in the bus, defendants, board of education, command that it shall pass her by. Of all entitled to the benefits of the school, it should be this cripple. We can find nothing in the school law that gives any right to defendants to refuse a cripple, where there is room in the bus, to be taken to and from school. The bad example to the other children, as they see this cripple passed by, with room in the bus, is contrary to all sense of humanity and justice. I think she has a clear right. We hear now as of old the cry that drove Her to the manger "because there was no room for them in the inn."

It is admitted in the case that the father of the little cripple girl is unable to furnish transportation, and there is no other public school in

the county to send her to. The father is a farmer of limited means, with a wife and nine children to support, and desires to educate his children. This little cripple, "whom the finger of God has touched," is unable to enjoy the sports and play of other children, but she can be educated, and the light of knowledge will help her bear the burden of affliction. But, with room in the bus, defendants pass her by and plead discretion. The humiliation—this cripple, naturally sensitive, being dismissed from school solely because she could not walk but rode in the bus. The principal of the school and the local school committee are willing, but the central body, the board of education, commands dismissal of the cripple.

"Law is considered the perfection of reason and founded on justice and common sense." In this case there is no reason, justice or common sense in the conduct of the defendants, board of education, in regard to this cripple.