E. C. CODY v. R. C. BARRETT.

(Filed 19 December, 1930.)

Schools and School Districts G a—In this case held: mandamus would not lie to compel county superintendent to approve election of teacher.

The approval of the county superintendent of schools is required for the election of a teacher or assistant teacher in a nonlocal tax school district, and his refusal to approve the election of one on the ground that he did not have sufficiently high certificates as a teacher and that his election as a teacher would not be for the best interests of the school will not sustain the finding of the trial judge that the refusal of the county superintendent of schools to approve the election was arbitrary, captious and without just cause, and a mandamus to cause his approval is improvidently issued by the lower court. 3 C. S., 5533.

APPEAL by defendant from *Harwood, Special Judge,* at September Term, 1930, of GRAHAM.

Application for writ of mandamus to require the respondent to approve the election of petitioner as teacher of Rock Springs School in Graham County.

The record discloses that on 17 June, 1930, the school committee of Yellow Creek Township in Graham County voted to employ the petitioner, E. C. Cody, as teacher of Rock Springs School at a monthly stipend of $85, and a majority of the committee, D. Anderson and S. A. Crisp, signed a contract to this effect, but the respondent, as county superintendent, failed and refused to countersign said contract or to approve said election.

The respondent testified that he declined to approve the election of petitioner as teacher of Rock Springs School because said school had previously been taught by persons holding higher certificates than the one held by petitioner, and that he did what he believed to be for the best interests of said school.

The trial court found that the respondent acted "arbitrarily, captiously and without just cause," and ordered that he approve the election of the petitioner and countersign the contract in question. The respondent appeals, assigning errors.

*No counsel for petitioner.*
*Dillard & Hill for respondent.*

STACY, C. J., after stating the case: It is provided by 3 C. S., 5533, that no election of a teacher or assistant teacher by the school committee of a nonlocal tax district shall be deemed valid until such election has been approved by the county superintendent, the executive officer of the county school system. 3 C. S., 5389; *Spruill v. Davenport,* 178 N. C., 364, 100 S. E., 527.

We have discovered no sufficient evidence on the present record to warrant the finding that the respondent acted "arbitrarily, captiously and without just cause." Hence, the application for writ of mandamus should have been denied. *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169. Mandamus lies only to enforce a clear legal right. *Umstead v. Board of Elections,* 192 N. C., 139, 134 S. E., 409; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481.

Reversed.