LON POWERS v. CITY OF ASHEVILLE ET AL.

(Filed 15 June, 1932.)

1. **Municipal Corporations D a—Plaintiff failed to show clear legal right to reinstatement on police force, and mandamus was properly denied.**

Where, under a private law authorizing the governing body of a city to curtail expenses and effect economies as they deem necessary and expressly repealing anything to the contrary in the existing charter, the governing body dismisses an officer who had been employed on the police force for several years solely on the grounds of economy, although several officers his junior in service had been retained: *Held,* there being nothing in the act requiring the application of the rule of seniority in effecting the economies, the officer has failed to show a clear legal right entitling him to mandamus for reinstatement, and a charter provision that officers holding the position for twelve months shall be deemed to hold under classified service and should be subject to lay off only as provided for therein does not affect this result.

2. **Mandamus A b—Mandamus lies only to enforce a clear legal right.**
 Mandamus lies only to enforce a clear legal right, and where the application therefor fails to establish such right, the writ is properly refused.

APPEAL by plaintiff from *Sink, J.,* at March Term, 1932, of BUNCOMBE.

Application for writ of mandamus to compel plaintiff's reinstatement as a member of the police force of the city of Asheville and to recover pay for time lost.

Writ denied on following finding of facts by the court:

In order to reduce operating expenses and to keep within the budget for police operation, and for reasons of economy, the plaintiff who had been a member of the police force of the city of Asheville for seven years, along with others, was, on 2 November, 1931, laid off duty, not on account of any charges preferred, but in good faith on the part of the defendants to effect economies, and was given a check for the full amount of his salary up to and including 15 November, which check he duly accepted and cashed. At least two others were retained in the service who had not been members of the force for as long a period as the plaintiff, nor even as long as twelve months.

Plaintiff says his discharge was unlawful, and bases his right to a mandamus on Article X, sec. 63, of the city charter, chapter 121, Private Laws 1931, which provides that any chief or head of the police service and all employees of said service, who shall have been such officer or employee for a term of twelve months, shall, without test, certification or reappointment, "be deemed to hold and occupy such office or position as an officer or employee of the classified service of the city as the case may be and shall only be subject to lay-off, suspension or removal therefrom as provided in this act."

By chapter 125, Private Laws 1931, the governing authorities of the city of Asheville are authorized to curtail expenses and to effect such reductions in any department as may be deemed necessary "anything in the charter of said city to the contrary notwithstanding."

From an order denying the writ, plaintiff appeals, assigning error.

*James S. Howell and Sale, Pennell & Pennell for plaintiff.*
*J. G. Merrimon and DeVere C. Lentz for defendants.*

STACY, C. J. The action of the city authorities in effecting such economies as they deemed necessary, and in the manner selected, is fully warranted by chapter 125, Private Laws 1931, if not by chapter 121. 5 R. C. L., 614.

But the plaintiff contends that in reducing the number of employees in "the classified service,", seniority ought to be observed, and, in the absence of charges preferred, those longest in the service should be retained over their juniors. Notes, 1 Ann. Cas., 292; Ann. Cas. 1913B, 1012.

This practice may prevail under other statutes (5 R. C. L., 614) and in the Federal Civil Service (*U. S. v. Wickersham,* 201 U. S., 394), but we find no provision in the charter of the city of Asheville which entitles the plaintiff, as a matter of right, to require the defendants to observe the rule of seniority in effecting economies or reducing forces as authorized by chapter 125, *supra.*

Without undertaking a minute analysis of the statutory provisions pertinent to the case, it is sufficient to say that the application for writ of mandamus was properly denied for want of a clear showing on the part of the plaintiff to demand it. *Braddy v. Winston-Salem,* 201 N. C., 301, 159 S. E., 310; *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169. Mandamus lies only to enforce a clear legal right. *Barham v. Sawyer,* 201 N. C., 498; *Cody v. Barrett,* 200 N. C., 43, 156 S. E., 146; *Umstead v. Board of Elections,* 192 N. C., 139, 134 S. E., 409; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481.

Affirmed.