### E. M. ROLLINS v. S. B. ROGERS ET AL., COMMISSIONERS.

#### (Filed 8 March, 1933.)

**Mandamus A b: Schools D f—Mandamus to compel payment of additional salary to county school superintendent held error in this case.**

> Mandamus will lie only to compel performance of a legal duty by a party having a clear legal right to demand performance, and the writ is erroneously granted on petition of a county superintendent to compel the levy of taxes for the payment of an additional salary to him as superintendent of a special-charter school district where the matter is in dispute between the board of county commissioners and the county board of education, and the boards have not had a joint meeting nor the clerk of the Superior Court called upon to arbitrate the matter. 3 C. S., 5608.

APPEAL by defendants from *Harris, J.,* at October Term, 1932, of VANCE.

Application for writ of mandamus, heard upon demurrer.

Plaintiff is superintendent of public instruction for Vance County. He alleges that he was also elected superintendent of the schools of Henderson Township, special-charter district, for a term beginning 1 July, 1932, and ending 30 June, 1933, at a salary of $600 in addition to his salary as county superintendent. When the school budgets were presented to the defendant board of county commissioners, they declined to approve the item of $600, here in dispute, on the ground that the county was already paying the plaintiff for his full time.

There was no joint meeting of the county board of education and the board of county commissioners in an effort to adjust the difference between them, nor was the clerk of the Superior Court called upon to arbitrate the matter as provided by 3 C. S., 5608.

Plaintiff's application for mandamus to compel the defendants to levy sufficient tax to cover the salary item in dispute was allowed, from which ruling the defendants appeal.

MAXWELL *v.* DISTRIBUTING CO.

*J. H. Bridgers and Jasper B. Hicks for plaintiff.*
*A. A. Bunn and Kittrell & Kittrell for defendants.*

STACY, C. J. Mandamus is available against a board of county commissioners only to compel the board to do something which it is its duty to do without it. The writ confers no new authority. The party seeking it must have a clear legal right to demand it, and the board must be under a legal obligation to perform the act sought to be enforced. Neither of these prerequisites has been shown in the instant case. *Powers v. Asheville,* 203 N. C., 2, 164 S. E., 324; *Person v. Doughton,* 186 N. C., 723, 120 S. E., 481. The writ was improvidently granted.

Reversed.