MARGARET JOHN v. H. R. ALLEN ET AL.

(Filed 1 January, 1935.)

1. **Schools and School Districts G b—**

*Mandamus* will not lie to compel a county to issue its voucher to pay a debt due by a county school district to a principal in its elementary school, chs. 88 and 361, Public-Local Laws of 1933, applying only to county vouchers and county obligations.

2. **Mandamus A b—**

A writ of *mandamus* can confer no new authority, but the writ lies only to compel the performance of an existing ministerial duty by a party having a clear legal right to demand its performance.

APPEAL by plaintiff from *Harris, J.,* at August Term, 1934, of BLADEN.

Civil action to recover $280.00 for services rendered as principal of Elizabethtown Elementary Public School (District No. 66), Bladen County, for the year 1930-1931, with application for writs of *mandamus* to require issuance of voucher and to compel levy of tax sufficient to pay same.

The debt of the district is not denied, but defendants say plaintiff's claim is not a county obligation, and that there is no authority for levying a county tax to pay the same. From the denial of the writs of *mandamus* the plaintiff appeals, assigning errors.

*Maxcy L. John for plaintiff.*
*H. H. Clark for defendant Bladen County.*

In re Hotel Raleigh.

STACY, C. J. The statutes under which the plaintiff seeks to compel the issuance of a voucher and the levy of a tax, chs. 88 and 361, Public-Local Laws 1933, deal only with county vouchers and county obligations. The application for writs of *mandamus* was, therefore, properly denied. *Rollins v. Rogers*, 204 N. C., 308, 168 S. E., 206; *Comrs. v. Lacy*, 174 N. C., 141, 93 S. E., 482.

*Mandamus* is available against a board of county commissioners only to compel the board to do something which it is its duty to do without it. The writ confers no new authority. The party seeking it must have a clear legal right to demand it, and the board must be under a legal obligation to perform the act sought to be enforced. Neither of these prerequisites appears in the instant case. *Powers v. Asheville*, 203 N. C., 2, 164 S. E., 324.

Affirmed.