S. M. MEARS, W. O. ROBERSON, P. J. MILLER, L. R. HAWKINS, M. C. SLUDER, D. M. SNELSON, S. C. TEAGUE, CLYDE SALES, O. M. MORGAN, L. M. DAVIS, ARTHUR BROWN, R. N. BROOKSHIRE, A. J. TEAGUE, C. C. GIBBS, H. M. MORGAN, L. C. JONES, C. D. WEST, J. W. HUTCHINSON, D. J. GADDY, W. A. COLE, MILLARD SHOOK, R. W. SHOOK, FLOYD SHOOK, L. A. SLUDER, L. L. WEST, W. F. ROBERSON, T. M. MARTIN, R. L. GILLESPIE, CLYDE MOSS, L. C. BROOKS, R. B. ROGERS, W. C. ROGERS, J. R. TEAGUE, P. V. REEVES, RED PENLAND, C. M. GILLESPIE, AND CHARLESTON COLE, FOR AND ON BEHALF OF THEMSELVES AND ALL OTHER TAXPAYERS OF LEICESTER SCHOOL DISTRICT OF BUNCOMBE COUNTY, NORTH CAROLINA, THAT WISH TO MAKE THEMSELVES PARTIES TO THIS ACTION, v. THE BOARD OF EDUCATION OF BUNCOMBE COUNTY, NORTH CAROLINA, A BODY CORPORATE; AND C. J. EBBS, B. E. MORGAN, J. C. RICH, WORTH McKINNEY, JAMES S. HOWELL, T. L. MANEY, AND A. O. MOONEYHAM, MEMBERS OF SAID BOARD OF EDUCATION; AND THE COUNTY OF BUNCOMBE, AND H. GRADY REAGAN, CHAIRMAN AND COMMISSIONER OF FINANCE; H. L. PARKER, COMMISSIONER OF PUBLIC INSTITUTIONS; AND JOHN C. VANCE, COMMISSIONER OF HIGHWAYS.

(Filed 22 June, 1938.)

1. Mandamus § 1—

Mandamus will lie against a board of county commissioners, as well as a board of county education, but the writ will lie only to compel the performance of an established legal duty at the instance of those having a clear legal right to demand performance.

MEARS v. BOARD OF EDUCATION.

**2. Mandamus § 2c—**

*Mandamus* will lie to compel the performance of a legal duty only in accordance with the procedure therefor established by law.

**3. Schools § 26—Procedure for obtaining appropriation and tax levy for adequate school buildings.**

In order to provide new necessary school buildings it is required that the county board of education file a "capital outlay" budget in addition to the "operating" budget, and have same approved in accordance with the statutory procedure in June of the year in time for the inclusion of the necessary outlay in the computation and levy of *ad valorem* taxes, ch. 394, Public Laws of 1937, and it is provided that the county commissioners shall be given reasonable time to investigate and provide the necessary funds, C. S., 5467, and that the board of education shall not be authorized to erect any building that is not in accordance with plans approved by the State Superintendent, nor invest more money therein than is made available for its erection. C. S., 5468.

**4. Same: Mandamus § 2c—Mandamus will not lie to compel performance of legal duty prior to time statutes require such duty to be performed.**

An application for writ of *mandamus* against the board of county commissioners and the county board of education to compel the erection of necessary school buildings, is properly dismissed at the January Term of the Superior Court, since it may not then be determined that defendants will not pursue the proper statutory procedure at the proper time to provide the necessary buildings, but plaintiffs should not be precluded from renewing their application for the writ if circumstances should later appear to warrant the relief.

CLARKSON, BARNHILL, and SEAWELL, JJ., dissent.

APPEAL by plaintiffs from *Alley, J.,* at January Term, 1938, of BUNCOMBE. Affirmed.

This was an application for writ of *mandamus* by certain citizens and taxpayers of Leicester School District to compel the board of education and the board of county commissioners of Buncombe County to provide adequate school building and equipment in said school district, and to compel the levy of an *ad valorem* tax on all property in the county sufficient to provide funds for the construction and equipment of said building. It is alleged that the present building is inadequate, out of repair, and unsafe from the standpoint of fire protection, and that a school building to contain twenty-four or more rooms, properly equipped, is necessary. It is also alleged that some five hundred school children of said district are being taught on the first floor of said building and in smaller buildings in and around the school grounds, while two hundred high school and other pupils are transported fourteen miles to another school, and that the defendants have failed and refused to provide for the construction and equipment of adequate school buildings for said district.

The defendants demurred *ore tenus,* on the ground that the petitioners

do not have a clear legal right to *mandamus* in this case, that petitioners have adequate legal remedy, and that the duties alleged in the complaint are in the discretion of defendants.

The following judgment was rendered: "Upon a careful study and consideration of the pleadings, the oral arguments of counsel, the briefs filed and authorities cited, the court being of opinion that the complaint does not state such a cause of action as would at the present status of the proceedings entitle plaintiffs to a remedy by *mandamus,* it is therefore considered and adjudged that the said demurrer *ore tenus* be and it is sustained."

Plaintiffs appealed.

*J. W. Haynes for plaintiffs, appellants.*
*Claude L. Love for County Board of Education.*
*Brandon P. Hodges and R. R. Williams for Board of County Commissioners.*

DEVIN, J. It has been established by the decisions of this Court that *mandamus* is available against a board of county commissioners, as well as a county board of education, to compel the performance of a ministerial duty obligatory upon the board. But those seeking the writ must have a clear legal right to demand it, and the board must be under a legal obligation to perform the act sought to be required. *Rollins v. Rogers,* 204 N. C., 308, 168 S. E., 206; *John v. Allen,* 207 N. C., 520, 177 S. E., 634. The writ will not be issued to enforce an alleged right which is in doubt. *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169; *Cody v. Barrett,* 200 N. C., 43, 156 S. E., 146; *Powers v. Asheville,* 203 N. C., 2, 164 S. E., 324. "The function of the writ is to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established. The right sought to be enforced must be clear and complete." *Wilkinson v. Board of Education,* 199 N. C., 669, 155 S. E., 562.

Likewise, the court may not be called upon to issue the writ of *mandamus* to require public officials to perform an act otherwise than in accordance with the procedure therefor established by law. The statutes now in force prescribe the procedure by which the construction of adequate school buildings and the levy of tax therefor may be authorized, that is, by the filing by the board of education of a "capital outlay" budget, as well as an "operating" budget, with the proper taxing authorities, and, upon approval, submission to the State School Commission when proceeding under ch. 394, Public Laws 1937. This is required to be done in June each year, in time for the inclusion of the necessary outlay in the computation and levy of *ad valorem* taxes. Ch. 394, Acts 1937; *Board of Education v. Board of Commissioners,* 178 N. C.,

305, 100 S. E., 698; *Cody v. Barrett, supra.* The Court cannot now determine that this course will not be pursued at the proper time by the defendants, and adequate provision made to supply the needs of the school district. 38 C. J., 581. The court below ruled "that the complaint does not state such a cause of action as would at the present status of the proceedings entitle plaintiffs to the remedy by *mandamus.*" The application for the writ of *mandamus* was presented to the court at January Term, 1938, and the judgment appealed from was rendered at that time. On the record before us, we think the ruling of the judge below must be upheld.

While school buildings and their proper equipment are declared by statute to be necessary for the maintenance of the six months' school term, it is provided that the county commissioners shall be given reasonable time to supply the funds found upon investigation to be necessary (C. S., 5467), and it is further provided that "the board (of education) shall not be authorized to invest any money in any new house that is not built in accordance with plans approved by the State Superintendent, nor for more money than is made available for its erection." C. S., 5468.

If it appeared that the building was necessary and that the board of education and the board of commissioners of Buncombe County, at the proper time and in accord with the procedure prescribed by law, had refused to take any action, and that the desired result could be accomplished by means presently available to these defendants, a different question would be presented. If the defendants are proceeding in the most expeditious manner, in good faith, to supply the needs of the school, the present status would not present a case for the interference of the courts. Whether, under the circumstances, as stated in the argument, it would be wiser to repair the present building or construct a new one, becomes a matter for the exercise of sound judgment on the part of the local authorities who are charged with responsibility to provide adequate facilities for public education in this district.

To this end, the plaintiffs should not be precluded from further proceeding in the matter, if the circumstances should appear to warrant renewal of the application for the exercise of the mandatory power of the court.

As thus modified, the judgment of the court below is
Affirmed.

CLARKSON, BARNHILL, and SEAWELL, JJ., dissent.