G. W. HARRIS, JOHN BARNES, A. C. O'BRIEN, J. B. GLOVER, L. A. WELLS, B. A. SCOTT, G. B. SHOTWELL AND F. H. HICKS, IN BEHALF OF THEMSELVES AND ALL OTHER CITIZENS, RESIDENTS AND TAXPAYERS OF DABNEY SCHOOL DISTRICT, VANCE COUNTY, N. C., v. THE BOARD OF EDUCATION OF VANCE COUNTY AND E. M. ROLLINS, COUNTY SUPERINTENDENT OF SCHOOLS OF VANCE COUNTY.

(Filed 20 September, 1939.)

**1. Mandamus § 1—**

*Mandamus* will lie against a municipal corporation or a public official only when the defendant is under a clear legal obligation to perform the act sought to be required, and only at the instance of those having a clear legal right to demand its performance, and further, the writ will lie only when there is no other legal remedy.

**2. Mandamus § 2b—**

*Mandamus* will not lie to control the exercise of a discretionary power nor to compel a board to reverse its action theretofore taken in determining a matter in its discretion, and an allegation that defendant acted "wrongfully, unlawfully, unjustly, arbitrarily and without just cause or reason" in determining a discretionary matter is not sufficient to support an application for a writ of *mandamus*.

**3. Mandamus § 3: Schools § 22—**

Private citizens of a school district have no legal right in connection with the election and approval of a principal for such district, and therefore may not maintain a suit to compel the county board of education to approve the election of a principal by the district school committee.

**4. Same—**

The members of a district school committee may not maintain an action to compel the county board of education to approve their election of a principal, since their statutory duty in regard to the matter requires only that they elect a principal and, if the election is disapproved, that they elect another.

**5. Mandamus § 1: Schools § 22—Mandamus will not lie when plaintiff must establish his right thereto by competent proof, since his right to the relief is in doubt.**

A person elected principal of a school by the district school committee is not entitled to *mandamus* to compel the county board of education to approve his election upon his allegation that the county board of education acted wrongfully, arbitrarily and without just cause and reason in disapproving his election, since *mandamus* will lie only to enforce a clear legal right and his right to the relief remains in doubt until he establishes by competent proof that the action of the county board of education in disapproving his election was void for want of good faith.

**6. Mandamus § 2b: Schools § 22—County board of education has discretionary power to approve or disapprove election of teachers by local school authorities.**

The statute imposing the duty upon the county board of education to approve the election of teachers by the district school committee vests in the county board of education the discretionary power to approve or disapprove elections by the local authorities, in the best interest of the community, and the courts will not control the exercise of such discretion or compel the county board to reverse action taken by it, since action taken under the compulsion of the courts would not be in the exercise of discretion by the county board as contemplated by the statute.

**7. Schools § 22—**

While a person elected principal by the district school committee is not entitled to *mandamus* to compel the county board of education to approve his election upon his allegation that the county board disapproved his election unlawfully and arbitrarily, he may be entitled to a mandatory injunction, upon proper pleadings and proof that the county board acted in bad faith, to compel the county board to act upon his election and to grant or withhold its approval in good faith in the proper exercise of its discretionary power.

**8. Schools § 22—**

The county board of education is not authorized to elect a principal of a school unless it appears that the local school authorities are in disagreement as to such election, and therefore, in a suit to compel the county board to approve an election made by the local school authorities, a plea in abatement on the ground that the county board had already elected another to the position is properly overruled in the absence of a showing of disagreement by the local school authorities.

**9. Pleadings § 23—**

Where it is determined on appeal that defendants' demurrer in plaintiffs' suit for *mandamus* should have been sustained but that plaintiffs, upon the facts alleged, may be entitled to a mandatory injunction, the

action need not be dismissed, but the court below may permit the filing of additional or amended pleadings and order the cause transferred to the civil issue docket of the county in which the cause of action arose in order to save time and costs.

APPEAL by defendants from *Thompson, J.,* at July Term, 1939, of VANCE. Reversed.

Application for writ of *mandamus,* heard on demurrer.

The school committee of Dabney School District in Vance County elected the plaintiff, B. A. Scott, as principal of the school for the 1939-1940 term. The defendants disapproved the election. Thereafter, on petition of citizens of the school district, the defendants refused to reconsider the action or to assign any reason therefor. Thereupon, certain of the plaintiffs instituted this proceeding in the nature of an application for a writ of *mandamus* "directing and commanding them (the defendants) to approve the reëlection of the said B. A. Scott as principal of the Dabney High School for the ensuing school year."

When the cause came on to be heard before the judge below the defendants demurred to the complaint filed upon eight several grounds set out in the demurrer. Before ruling on the demurrer the court permitted the plaintiffs, J. B. Shotwell and F. H. Hicks, members of the Dabney School District Committee, and B. A. Scott, the principal elected by the local committee, to make themselves parties plaintiff and to adopt the complaint theretofore filed. The defendants likewise filed a plea in abatement for that the defendants, acting under the provisions of chapter 358, Public Laws 1939, have elected and contracted with one M. H. Randolph as a teacher-principal of said school.

The court entered its order denying the plea in abatement and overruling the demurrer. The defendants excepted and appealed.

*Gholson & Gholson and W. H. Yarborough for plaintiffs, appellees.*
*A. A. Bunn and J. H. Bridgers for defendants, appellants.*

BARNHILL, J. It is well established by the decisions of this Court that *mandamus* is available against a municipal corporation or public official to compel the performance of a ministerial duty. But those seeking the writ must have a clear legal right to demand it and the board must be under a legal obligation to perform the act sought to be required. *Rollins v. Rogers,* 204 N. C., 308, 168 S. E., 206; *John v. Allen,* 207 N. C., 520, 177 S. E., 634; *Mears v. Board of Education,* 214 N. C., 89. The writ will not be issued to enforce an alleged right which is in doubt. *Hayes v. Benton,* 193 N. C., 379, 137 S. E., 169; *Cody v. Barrett,* 200 N. C., 43, 156 S. E., 146; *Powers v. Asheville,* 203 N. C.,

2, 164 S. E., 324. "The function of the writ is to compel the perform-
ance of a ministerial duty—not to establish a legal right, but to enforce
one which has been established. The right sought to be performed must
be clear and complete." *Wilkinson v. Board of Education,* 199 N. C.,
669, 155 S. E., 562. The writ issues only when there is no other legal
remedy. *Hayes v. Benton, supra; Cody v. Barrett, supra; Mears v.
Board of Education, supra; Powers v. Asheville, supra; Rollins v.
Rogers, supra.* The court below will not and cannot undertake to con-
trol the discretionary power of the defendants. *Hayes v. Benton, supra.*
The allegation that the defendants acted "wrongfully, unlawfully, un-
justly, arbitrarily and without just cause or reason" is not sufficient to
support an application for a writ of *mandamus. Ewbank v. Turner,*
134 N. C., 77.

While the plaintiffs, other than B. A. Scott, no doubt, are vitally
concerned about the school of their district and the personnel of the
teachers therein, they possess no legal right in connection with the elec-
tion and approval of a principal such as would entitle them to maintain
an action against the defendants (hereinafter referred to as county
authorities) to compel them to approve the election of a principal by
the district school committee (hereinafter referred to as district authori-
ties). It, therefore, clearly appears that there was error in the judg-
ment of the court below in overruling the demurrer as to the plaintiffs
who are private citizens of the district.

When the school committee elects a principal their duty is fully per-
formed in respect thereto unless the election is disapproved by the county
authorities, in which event it is the duty of the district authorities to
proceed to elect another principal. Likewise, therefore, the demurrer
should have been sustained as to the plaintiffs who are members of the
local committee, who, incidentally, are plaintiffs as individuals and not
in their official capacity.

Was there error in overruling the demurrer as to B. A. Scott (herein-
after referred to as plaintiff)?

Before the plaintiff becomes entitled to the position to which he was
elected by the district authorities his election must be approved by the
county authorities. The election has been disapproved. The plaintiff's
right to the office does not now exist and depends upon proof by him
that the action of the county authorities in disapproving his election was
void for want of good faith. The allegations in the complaint do not
disclose that he has a clear legal right to the remedy sought. This right
is in doubt and remains in doubt until he establishes, by competent proof,
the allegations contained in his complaint. *Ewbank v. Turner, supra,*
is almost directly in point. There the Dentistry Board declined to ap-
prove the examination of the plaintiff and to issue license. The allega-

tions as to the arbitrariness of the action of the board are almost identical with those contained in the complaint of the plaintiff and the writ was denied.

The writ of *mandamus* compels action—it does not determine how the defendant shall act. *Key v. Board,* 170 N. C., 123; *Board v. Board,* 150 N. C., 116. Nor does it undertake to control the discretion vested in the defendant as a governmental agency or official. And the provision in the statute that the election of a principal by the district authorities is subject to the approval of the county authorities imposes upon the county authorities the discharge of a discretionary duty. The primary and controlling significance of the word "approve" imposes the exercise of discretion and judgment. The requirement that the election of a principal by the local authorities is subject to the approval of the county authorities was intended to and does confer upon the latter the power to give or withhold their approval as their judgment may dictate, having regard to the best interest of the community affected. *Lane v. Insurance Co.,* 142 N. C., 55; *Key v. Board of Education, supra.*

The allegations of the complaint, if accepted as true, do not disclose that the plaintiff has a clear legal right to the office or position of principal of Dabney High School. The county authorities have acted adversely to his claim. His right is in doubt and depends upon his ability to show that the action of the county authorities was void for want of good faith. Furthermore, the board has acted and the court may not, by writ of *mandamus,* direct them to reverse their action.

An approval of the election by them under compulsion of a court order would not constitute the approval contemplated by the statute. See *Hayes v. Benton, supra.*

The plaintiff has an adequate remedy. He may sue for damages. *Ewbank v. Turner, supra.* He may, upon proper pleadings and upon a finding by the court, upon a hearing, that the action of the county authorities was in fact arbitrary and capricious and actuated by selfish and personal motives, apply for and obtain a mandatory injunction compelling the defendants to proceed to act upon the election and to grant or withhold their approval in good faith, uninfluenced by selfish or personal motives. This is as far as the courts may go in controlling the action of administrative units or governmental agencies. When a public official fails to act in accord with the wishes of the majority of those whom he serves, the relief is usually through the ballot box.

Controversies such as this between agencies created to conduct and control the public schools of the State and who are supposed to coöperate to that end should be adjusted around the council table and not in the courts.

The school law provides that "in the event the local school authorities herein provided for are unable to agree upon the nomination and election of teachers, the County Board of Education shall select the teacher or teachers, which selection shall be final for the ensuing term." It does not appear that the local school authorities are in disagreement as to the election of a principal so as to vest the County Board of Education with authority to elect a principal to this office. Therefore, there is no error in so much of the judgment as overrules the plea in abatement.

The action need not be dismissed. The court below may in its discretion permit the filing of additional or amended pleadings to the end that the plaintiff may seek to establish such right as he may have. While the summons was returnable before the judge, in Chambers, in a county other than its issuance, the cause may be transferred to the civil issue docket of Vance County. This does no one any detriment, saves time and costs and avoids the unseemly counter-marching incident to the old practice when a plaintiff was put out of one court by one door and was left to guess by which door he should come back into the same room. The necessary parties have been served with summons and are in court. The transfer of the case to the civil issue docket harms no one. *Ewbank v. Turner, supra.*

The judgment below is
Reversed.