BOARD OF MANAGERS OF THE JAMES WALKER MEMORIAL HOSPITAL OF THE CITY OF WILMINGTON, N. C., v. THE CITY OF WILMINGTON AND NEW HANOVER COUNTY.

(Filed 21 May, 1952.)

**1. Mandamus § 1—**

*Mandamus* is a writ issuing from a court of competent jurisdiction commanding an inferior tribunal, board, corporation, or person to perform a purely ministerial duty imposed by law. The party seeking such writ must have a clear legal right to demand it, and the party to be coerced must be under a present, clear, legal duty to perform the act.

**2. Injunctions § 1—**

A mandatory injunction to compel a board or public official to perform a duty imposed by law is identical in its function and purpose with that of a writ of *mandamus* and is governed by the rules applicable to *mandamus.*

**3. Mandamus § 1—**

*Mandamus* is not a preventive remedy to be used as a restraining order to preserve the *status quo,* but is a coercive writ which is final in its nature.

**4. Same—**

> In an action by an eleemosynary corporation against a municipality and a county to ascertain defendants' statutory liabilities for contributions for indigent patients of the city and county treated at the hospital, it is error for the court to issue the mandatory writ of *mandamus* against defendants prior to the adjudication of the cause on its merits.

APPEAL by defendant, City of Wilmington, from *Burney, J.,* December Term, 1951, of NEW HANOVER.

This is a civil action instituted on 3 November, 1951, for the purpose of obtaining a declaratory judgment setting out the rights of the plaintiff to financial aid from the defendants, and particularly for the care of the indigent poor and afflicted persons who are sent to the James Walker Memorial Hospital from the City of Wilmington and New Hanover County.

The complaint sets out various resolutions adopted by the Board of Aldermen of the City of Wilmington as well as various acts passed by the General Assembly of North Carolina, authorizing the City of Wilmington and New Hanover County to maintain the hospital.

The James Walker Memorial Hospital of the City of Wilmington was incorporated by Chapter 12 of the Private Laws of 1901. The act provided that the institution should be operated by a Board of Managers consisting of nine members: three of them to be elected by the Board of Commissioners of New Hanover County, two by the Board of Aldermen of the City of Wilmington, and four members were to be selected by Mr. James Walker, who built the hospital on the property of the City of Wilmington and the County of New Hanover. Provisions were made in the act for the board to be self-perpetuating. The act also provided, "That for the purpose of providing the proper means for sustaining the said hospital, and for the maintenance and medical care of all such sick and infirm poor persons as may from time to time be placed therein by the authority of the said Board of Managers, the Board of Commissioners of New Hanover County shall annually provide and set apart the sum of four thousand eight hundred dollars, and the Board of Aldermen of the city of Wilmington shall annually provide and set apart the sum of three thousand two hundred dollars, which said funds shall be placed in the hands of the said Board of Managers, to be paid out and disbursed, under their direction, according to such rules, regulations and orders as they may from time to time adopt." The City of Wilmington and the County of New Hanover conveyed the hospital property to the above corporation by deed dated 19 July, 1901.

According to the plaintiff's pleadings, the City of Wilmington and the County of New Hanover made contributions annually for the support and maintenance of the James Walker Memorial Hospital until 1 July,

1951, pursuant to the provisions of the above act or the following acts: Private Laws of 1907, Chapter 38; Public-Local Laws of 1915, Chapter 66; Public-Local Laws of 1937, Chapter 8; and Public-Local Laws of 1939, Chapter 470.

Since 1 July, 1951, the City of Wilmington has failed and refused to make any contribution to the support and maintenance of the hospital, or for the treatment of the indigent sick and afflicted poor of the City of Wilmington and the County of New Hanover who have been certified to the hospital for treatment by the New Hanover County Welfare Department.

The rights of the respective parties involve the provisions of certain 1951 legislation. Section 1 of the 1951 Session Laws, Chapter 906, in pertinent part, reads as follows: "That the City of Wilmington and the County of New Hanover be and they hereby are authorized and directed to enter into a contract with the James Walker Memorial Hospital, making proper and adequate provision for the hospitalization, medical attention, and care of the indigent sick and afflicted poor of said city and county, respectively, said contract to be effective as of the first day of July, 1951, and from and after said first day of July, 1951, the City of Wilmington and the County of New Hanover, and each of them, is hereby authorized, directed and fully empowered to appropriate to the said James Walker Memorial Hospital for such purpose the sum of three and 75/100 ($3.75) dollars per day per patient for each day of care rendered to indigent in-patients hospitalized in said hospital, (the total combined appropriation being $7.50 per day per patient), and the sum of one ($1.00) dollar per visit per patient for each out-patient given professional care, drugs, bandages, dressings, and other medical care, (the total combined appropriation being $2.00 per visit per patient), when such in-patients and such out-patients have been certified to said hospital by the New Hanover County Welfare Department as being indigents; payment of the aforesaid appropriations shall not exceed the sum of forty thousand ($40,000) dollars each from the said city and said county during any one twelve months' period; . . . ." Section 2 of the act purports to empower and direct the Board of Commissioners of New Hanover County and the Council of the City of Wilmington to levy and collect any additional taxes that may be necessary in order to meet the above appropriations.

A copy of the summons and complaint were served on the respective defendants on 5 November, 1951. Thereafter, on 15 November, 1951, the plaintiff filed an amended complaint setting out certain amounts it alleged to be due from the City of Wilmington for the months of July, August, September, and October, 1951, which said city had refused to pay, said sums being one-half of the cost of treatment for the indigent from the

City of Wilmington and New Hanover County for the months indicated, and prayed the court for a writ of *mandamus* requiring the defendant, City of Wilmington, to pay one-half of the maintenance and upkeep of the plaintiff hospital and of the indigent poor admitted thereto from the City of Wilmington and New Hanover County.

The plaintiff, on 21 November, 1951, gave notice to the defendants that it would move the court, on Tuesday, 4 December, 1951, in the Superior Court of New Hanover County, or as soon thereafter as plaintiff might be heard, for a *mandamus* requiring the City of Wilmington to make the contributions as prayed for.

Prior to the hearing of the motion for *mandamus,* or mandatory injunction, on 12 December, 1951, and before the expiration of time to answer, the defendant, City of Wilmington, filed its motion to strike portions of the original complaint as set forth in the motion to strike and at the same time filed its motion to strike portions of the amended complaint, said motions being on file at the time of the hearing on plaintiff's motion for *mandamus,* or mandatory injunction, and at the time of the entry of judgment appearing in the record.

The court below, upon motion of plaintiff for *mandamus,* or a mandatory injunction, found certain facts and concluded "that the plaintiff is a Trustee to operate said hospital for the defendants, City of Wilmington and New Hanover County, and that it is their duty and obligation to pay to the plaintiff for the treatment of the indigent poor admitted therein from the County of New Hanover and the City of Wilmington"; and entered the following judgment: "It is, thereupon on motion of counsel for plaintiff, ordered, considered and adjudged, that the defendant, City of Wilmington, its officers, (and) agents are hereby enjoined, directed and commanded forthwith to contribute and pay to the plaintiff monthly one-half of the cost of treating the indigent poor admitted to the said hospital from the City of Wilmington and the County of New Hanover, and treated therein."

The defendant, City of Wilmington, appeals from the above judgment and assigns error.

*Isaac C. Wright for plaintiff, appellee.*
*William B. Campbell for defendant, appellant.*

DENNY, J. *Mandamus* is a writ issuing from a court of competent jurisdiction commanding an inferior tribunal, board, corporation, or person to perform a purely ministerial duty imposed by law. The party seeking such writ must have a clear legal right to demand it, and the tribunal, board, corporation, or person must be under a present, clear, legal duty to perform the act sought to be enforced. *Hospital v. Joint*

*Committee,* 234 N.C. 673, 68 S.E. 2d 862; *Poole v. Bd. of Examiners,* 221 N.C. 199, 19 S.E. 2d 635; *Harris v. Bd. of Education,* 216 N.C. 147, 4 S.E. 2d 328; *Mears v. Bd. of Education,* 214 N.C. 89, 197 S.E. 752; *John v. Allen,* 207 N.C. 520, 177 S.E. 634; *Rollins v. Rogers,* 204 N.C. 308, 168 S.E. 206; 55 C.J.S., Mandamus, section 125, page 213.

A mandatory injunction, when issued to compel a board or public official to perform a duty imposed by law, is identical in its function and purpose with that of a writ of *mandamus.* And a writ of *mandamus* is final in its nature. As pointed out by *Johnson, J.,* in *Hospital v. Joint Committee, supra,* an interim or temporary writ of *mandamus* is unknown to the law. *Mandamus* is not a preventive remedy to be used as a restraining order to preserve the *status quo,* but it is essentially a coercive writ; one that commands performance, not desistance. 34 Am. Jur., Mandamus, section 2, page 809. Such writ will not be issued to enforce an alleged right which is in question. *Harris v. Bd. of Education, supra; Hayes v. Benton,* 193 N.C. 379, 137 S.E. 169. *Mandamus* lies only to enforce a clear legal right and will be issued only where there is no other legal remedy. *Harris v. Bd. of Education, supra; Cody v. Barrett,* 200 N.C. 43, 156 S.E. 146; *Umstead v. Bd. of Elections,* 192 N.C. 139, 134 S.E. 409. "The function of the writ is to compel the performance of a ministerial duty—not to establish a legal right, but to enforce one which has been established." *Wilkinson v. Bd. of Education,* 199 N.C. 669, 155 S.E. 562.

This action was instituted for the purpose of ascertaining the rights of the respective parties under the various legislative enactments referred to and made a part of the plaintiff's complaint. In the meantime, before the City of Wilmington's motion to strike certain portions of the complaint was heard, without an answer being filed by either of the defendants, or a demurrer interposed, the court, on motion of the plaintiff, issued a writ of *mandamus* to compel the City of Wilmington to make the very contributions the plaintiff seeks to ascertain, in this action, whether it has the legal right to compel the City of Wilmington to make. Furthermore, this writ may not be treated as a temporary injunction to preserve the *status quo* until the further order of the court as was done in the case of *Hospital v. Joint Committee, supra.* There, a writ denominated an "interim writ of *mandamus*" was applied for and obtained to prevent the removal of Hamlet Hospital & Training School for Nurses from the accredited list of such institutions until the further order of the court. We treated the writ, and properly so, as a temporary restraining order, but here affirmative action is ordered and directed before the pleadings have been filed, the issues joined and the clear legal right to a *mandamus* has been established. The writ was prematurely issued.

The question to be adjudicated in this action is of vital importance to the future maintenance and welfare of one of the State's finest eleemosynary institutions. The City of Wilmington and the County of New Hanover, prior to 1 July, 1951, have not only contributed annually for fifty years to the maintenance of this institution, but they have also contributed substantial sums of money for its enlargement. A final decision in this action should not be delayed by legal sparring. It ought to be a simple matter to agree upon the facts and obtain a prompt ruling thereon. The outstanding services rendered by this institution to the citizens of the City of Wilmington and the County of New Hanover, for more than half a century, merit the prompt and effective co-operation to this end by all parties concerned.

The judgment below will be set aside and the cause remanded to the end that the rights of the parties may be determined after the issues have been joined, or the defendants have failed to answer or otherwise pleaded. In any event, a writ of *mandamus* should not be issued against the defendants, or either of them, until the cause is finally adjudicated on its merits.

Error and remanded.