D. A. ROEBUCK v. THE CITY OF NEW BERN, A MUNICIPAL CORPORATION, AND HON. C. E. HANCOCK, JUDGE OF MUNICIPAL RECORDER'S COURT, NEW BERN, NORTH CAROLINA.

(Filed 8 October, 1958.)

1. **Mandamus § 1: Constitutional Law § 29—**

The provisions of G.S. 7-204 that upon demand for a jury in prosecutions in a municipal recorder's court the cause should be tried in the same manner as actions before a justice of the peace upon like demand, establish a jury of six by reference to Article IV, Section 27, of the State Constitution, and G.S. 7-150.

2. **Same—**

Where a statute declares that criminal offenses below the grade of felony committed within the corporate limits of a municipality or within five miles thereof are petty misdemeanors within the jurisdiction of the municipal recorder's court, G.S. 7-190 (1) and (3), the State Constitution, Article I, Section 13, authorizes the legislature to provide means of trial other than by common law jury.

3. **Courts § 14: Criminal Law § 16—**

Statutory provisions for a jury of twelve, applicable solely to civil actions in a municipal recorder's court, G.S. 7-250, G.S. 7-252, cannot be invoked by a defendant in a criminal prosecution in such court as the basis for demand for a jury of twelve in the face of statutes establishing a jury of six in criminal prosecution in such court.

PARKER AND RODMAN, JJ., took no part in the consideration or decision of this case.

APPEAL by plaintiff from *Parker, J.,* May, 1958 Term, CRAVEN Superior Court.

Civil action for mandamus to compel the defendants to provide a jury of twelve for the trial of a criminal action (driving drunk) pending against the plaintiff in the Municipal Recorder's Court of New Bern. It is stipulated the defendant in the criminal action (the plaintiff here) made a motion for a jury of twelve and the motion was denied.

The recorder filed an answer in which he stated ". . . the sole matter in controversy here is whether the jury shall be composed of six or twelve men. . . . This answering defendant has . . . concluded that the plaintiff is not entitled to a trial by a jury of twelve men, but by a jury of six men."

The City of New Bern demurred on the ground that it had no con trol over the operation of the municipal court. From a judgment dismissing the action as to both defendants, the plaintiff appealed.

*Charles L. Abernethy, Jr., for plaintiff, appellant.*
*A. D. Ward for defendants, appellees.*

HIGGINS, J. Mandamus is an extraordinary remedy designed to enforce clear legal rights or to compel performance of ministerial duties enjoined by law. *Hospital v. Wilmington,* 235 N.C. 597, 70 S.E. 2d 833; *Hayes v. Benton,* 193 N.C. 379, 137 S.E. 167; *Person v. Watts,* 184 N.C. 499, 115 S.E. 336; *State v. Justices,* 24 N.C. 430.

In this action it may be doubted whether the plaintiff's allegations are sufficient to entitle him, by mandamus, to challenge the jury of six in the municipal recorder's court or whether he should try his case and, if the decision is adverse, appeal to the superior court where provision is made for trial by common law jury of twelve. If it be conceded that mandamus from the superior court is the proper remedy to compel a recorder's court to provide a lawful jury, the plaintiff is still in the woods until he shows the jury available to him is an unlawful one.

The Municipal Recorder's Court of New Bern was created pursuant to provisions of Article 24, Chapter 7, General Statutes. (G.S. 7-185 to 7-217, inclusive.) The article refers to *municipal recorders' courts.* Section 7-204 provides: "In all trials in the court upon demand for a jury by the defendant or the prosecuting attorney representing the State, the recorder shall try the same as is now provided in actions before a justice of the peace wherein a jury is demanded. And the same procedure as is now provided by law for jury trials before a

justice of the peace shall apply."

The Constitution of North Carolina, Article IV, Section 27, and G.S. 7-150 provide: "When an issue of fact shall be joined before a justice, on demand of either party thereto, he shall cause a jury of six men to be summoned, who shall try the same." The jury in a municipal recorder's court, therefore, shall consist of six. The number is determined by this reference with as much certainty as if actually set out in Section 7-204.

The legislature has declared, G.S. 7-190 (1) and (3), that criminal offenses below the grade of felony committed within the corporate limits of the municipality or within five miles thereof are petty misdemeanors. For such offenses Article I, Section 13, of the State Constitution authorizes the legislature to provide means of trial other than by (common law) jury.

The plaintiff, however, attempts to support his claim for a jury of twelve by invoking G.S. 7-250 and G.S. 7-252. The sections are part of Article 28 (G.S. 7-246 to 7-255, inclusive). The article refers *exclusively to the civil jurisdiction* of recorders' courts. Section 7-252 provides: "The jury shall be a jury of twelve, and the trial shall be conducted as nearly as possible as in the superior court."

The reason for a jury of twelve in a civil action before a municipal recorder's court is made apparent by examination of G.S. 7-253, which provides for appeals in civil cases from recorder's court to the superior court in term. The appeal is only "for errors assigned in matters of law, in the same manner as now provided for appeals from the superior court to the Supreme Court, with the exception that the record may be typewritten instead of printed, . . . Upon such appeal the superior court may either affirm or modify the judgment of the recorder's court, or may remand the cause for a new trial." A jury trial is not available in the superior court in a civil case. Therefore, a jury trial in the constitutional or common law sense (in a civil case) must be provided in the municipal recorder's court. It should be noted that the proviso in Section 7-253 (trial *de novo*) refers to appeals *from the county recorder's court* and not *from a municipal recorder's court*. The defendant's contention that G.S. 7-252 must be resorted to for the purpose of determining the number required to constitute a jury in a criminal case is untenable. Applicable law provides for a jury of six and not twelve for criminal trials in the Municipal Recorder's Court of New Bern.

We conclude, therefore, the recorder was correct in ordering a jury of six to try the case against the plaintiff. The judgment of the superior court dismissing this action is

Affirmed.

PARKER AND RODMAN, JJ., took no part in the consideration or decision of this case.