GROVER P. SNOW v. NORTH CAROLINA BOARD OF ARCHITECTURE.

(Filed 1 May 1968.)

1. Architects—

G.S. 83-11 gives an architect whose certificate of admission to practice has been revoked for failure to pay the annual renewal fee the absolute and unqualified right to have his certificate renewed upon paying the renewal fee and prescribed penalty within one year after its due date.

2. **Same—**

Renewal of the certificate of admission to practice upon payment of the renewal fee and penalty does not preclude the State Board of Architecture from subsequently revoking the certificate for cause other than the failure to pay the renewal fee.

3. **Same; Administrative Law § 3—**

Where notice of a contemplated action to withhold for cause the renewal of a certificate to practice architecture is given pursuant to G.S. 150-11, and the architect does not request a hearing before the Board of Architecture pursuant to that statute, the Board has jurisdiction to determine the matter, and its order is not subject to judicial review. G.S. 150-11(c).

4. **Architects; Administrative Law § 4—**

While the State Board of Architecture loses its authority to render a decision at the expiration of ninety days from the date of the hearing, G.S. 150-20, an order entered within that time does not become a nullity by the fact that it is not served upon the certificate holder within five days after it is rendered as required by G.S. 150-21.

5. **Mandamus § 1—**

*Mandamus* may not be used as a substitute for an appeal.

6. **Same—**

*Mandamus* lies only to enforce a clear legal right where plaintiff has no other adequate remedy.

7. **Mandamus § 4—**

*Mandamus* may not be used to review the final action taken by an administrative board on a matter within its jurisdiction.

8. **Same; Architects—**

Where the State Board of Architecture has withheld for cause the renewal of an architect's certificate of admission to practice, *mandamus* may not be used to compel the Board to renew the certificate, the exclusive method for obtaining a judicial review of the Board's order being an appeal to the Superior Court pursuant to G.S. 150-24. G.S. 150-33.

APPEAL by plaintiff from *Olive, E.J.*, at the September 1967 Non-Jury Assigned Session of WAKE.

On and prior to 30 June 1965, the plaintiff was a duly licensed architect, practicing his profession in North Carolina. He failed to pay to the Board of Architecture the fee prescribed by G.S. 83-11 to be paid on or before that date for the renewal of his certificate of admission to practice for one year, beginning 1 July 1965. On 12 July 1965 and again on 25 October 1965, the board sent him notice that, by reason of such failure, his certificate of admission to practice was revoked.

On 26 March 1966 the plaintiff tendered to the board payment of the prescribed annual renewal fee plus the penalty prescribed by

G.S. 83-11 for a late renewal. The board rejected the tender and refused to renew the certificate.

On 31 May 1966 the plaintiff, through his attorney, sent a letter to the board again requesting renewal of his certificate, enclosing a certified check in the amount of such fee and penalty. On the same day, 31 May 1966, without waiting for action by the board upon the second tender and request, he instituted in the Superior Court of Wake County a suit against the board. In that action he prayed for the issuance of an order in the nature of a writ of *mandamus* directing the board to issue immediately a renewal of his certificate of admission to practice.

On 2 June 1966 the board received the letter of 31 May 1966, containing the tender of the renewal fee and the request for renewal, and on the same date it was served with the summons and complaint in the said action.

On 3 June 1966 the board dispatched to the plaintiff by "registered mail, receipt requested" a letter, copies of which it delivered personally to the plaintiff and to his attorney on 7 June 1966. This letter stated that the board had "sufficient evidence, which, if not rebutted or explained, would justify the Board in suspending or revoking" his license, in withholding the renewal of his license "for cause," and in bringing action against him for unauthorized practice of architecture. It set forth four specific charges (set forth below) which the board deemed the evidence in its possession sufficient to establish. The letter then advised the plaintiff that the board could not pass upon his request for renewal of his certificate until it had a hearing and a determination of these charges. It advised him that if he desired to be heard on his request for such renewal and on such charges, he might secure a public hearing by mailing to the board within twenty days a registered letter requesting such hearing, whereupon the board would notify him of the time and place thereof. The letter further stated that if the plaintiff did not request a hearing within such allowed time the board would "feel free to withhold the renewal * * * for cause," to "revoke the license for cause other than failure to renew," and to take such other action as might appear to the board necessary and proper. The plaintiff did not request such hearing.

On 8 June 1966 the board filed its answer to the complaint in the action instituted on 31 May 1966, attaching to and incorporating in its answer a copy of the above letter of 3 June 1966.

On 29 June 1966 the plaintiff mailed to the board his request for the renewal of his certificate of admission to practice for the then upcoming period of 1 July 1966 to 30 June 1967, enclosing the pre-

scribed renewal fee. (The record does not disclose the date on which this communication was received by the board, but presumably it was subsequent to 29 June 1966.)

The board, in the form of a letter to the plaintiff, dated 29 June 1966, issued its order, reciting that the plaintiff had failed to request a hearing pursuant to the letter of 3 June 1966, that the board, in the absence of such request, considered the evidence before it (not set out in the record on appeal), including copies of plans signed by the plaintiff as architect subsequent to the revocation of his license for the nonpayment of the renewal fee due on or before 30 June 1965, and that it made the following findings of fact, concerning the four charges set forth in the letter of 3 June 1966:

"1.   That *since notice of revocation of your license,* and warnings from the Board against continued practice, you have continued to hold yourself out to the public as an architect qualified to practice in North Carolina, to use the title 'Architect' and to practice architecture as defined in G.S. 83-1. (Emphasis added.)

"2.   That, *since revocation of your license,* you have signed as 'Architect' plans for (1) Clark's Discount Stores, Lumberton, N. C., (2) A store for the J. C. Penny Company, Inc., Lumberton, N. C.; and (3) Plans for a Holiday Inn in Chapel Hill, N. C. (Emphasis added.)

"3.   That you have used or permitted the use of your name and/or seal with the title 'Architect' on plans made by others and not by you under your personal supervision; namely, post office building plans prepared in New Jersey by an individual not licensed to practice architecture in North Carolina and which you knew or should have known were illegally prepared.

"4.   That you have furnished 'limited services' by permitting the use of your name and seal for the purpose of enabling others to evade the public health and safety requirements of the General Statutes of North Carolina."

The board, in its said order, concluded, as matters of law, that the plaintiff had engaged in unauthorized practice of architecture in violation of G.S. 83-12, and in "dishonest practice" under Rule IV A 7 of the Rules and Regulations of the board; that in the said use or permitted use of his name and seal, together with the title "Architect" on plans prepared by others, the plaintiff had engaged in "dishonest practice" under Rule IV A 2a and b of the Rules and Regulations of the board; and in furnishing the above mentioned "limited

services," he had violated Rule IV A 3 of the Rules and Regulations of the board. (The Rules of the Board are not set forth in the record on appeal.)

Upon the foregoing findings and conclusions, the board ordered that the plaintiff's "certificate or license to practice architecture in North Carolina, having already been revoked under the provisions of G.S. 83-11 for failure to pay the renewal fee, is hereby revoked for cause, effective as of the date of this order, and [his] request for reinstatement is denied."

The board concluded the letter of 29 June 1966 with the statement that if the plaintiff felt that evidence considered by the board could be rebutted or satisfactorily explained, the board would consider reopening the matter for hearing, upon good cause shown within a reasonable time, and that its next regularly scheduled meeting would be held on 16 July 1966. (Except as noted below, nothing in the record on appeal or in either brief indicates any request by the plaintiff for such hearing by the board.)

(The defendant's brief on appeal states that the order so dated 29 June 1966 was first circulated among the members of the board for approval as to form and then was mailed to the plaintiff by the board by registered mail 6 July 1966, he signing a receipt therefor on 8 July 1966. This is not set forth in the record on appeal.)

The suit for *mandamus* instituted by the plaintiff on 31 May 1966 was heard by Mallard, J., at the July 1966 Regular Civil Term of the Superior Court of Wake County. After hearing evidence and arguments of counsel, Judge Mallard entered his order, dated 13 July 1966, containing his findings of fact and conclusions of law, including the conclusions that G.S. 83-11 does not permit the board to refuse to renew a certificate of admission to practice architecture when the renewal fee, plus the penalty prescribed by the statute, is paid by the applicant within one year after its due date, and that the plaintiff, having on 26 March 1966 complied with this requirement, was entitled to have his license renewed as of that date. Judge Mallard, therefore, ordered that the board immediately issue to the plaintiff a certificate or license to practice architecture for the year 1965-66, such certificate to be dated 26 March 1966. The order of Judge Mallard contained his further conclusion that "this proceeding is separate and independent of any action taken by the Board of Architecture after May 31, 1966, but the plaintiff is entitled to have its license renewed as of March 26, 1966."

The board gave notice of appeal from the judgment of Judge Mallard but this appeal was never perfected, and on 14 July 1966 it mailed to the plaintiff its letter enclosing the renewal of his cer-

tificate dated 26 March 1966. In this letter the board returned the plaintiff's check for the renewal fee for the period beginning 1 July 1966 and advised him that its order of revocation for cause, dated 29 June 1966, remained in full force and effect from the date of the service thereof, 8 July 1966, and that, for this reason, the board would not issue a renewal of the plaintiff's certificate for the year beginning 1 July 1966 "unless and until the Board's Order of Revocation should be changed *at the hearing you requested for July 15, 1966 or thereafter.*" (Emphasis added.) (There is no other reference in the record on appeal or in the plaintiff's brief to any request by the plaintiff for a hearing by the board or to any hearing conducted by the board following its order of 29 June 1966.)

(Nothing in the record on this appeal indicates a filing by the plaintiff of a notice of appeal to the superior court from the order of the board dated 29 June 1966.)

On 25 August 1967, approximately fourteen months after the revocation of his certificate by the board and nearly two months after the expiration of the twelve months period for which he last tendered a renewal fee, the plaintiff instituted this action in the Superior Court of Wake County. In his complaint he alleges: To and including 30 June 1966 he was a duly licensed architect; on 29 June 1966 he made formal request for the renewal of his license for the period beginning 1 July 1966 and ending 30 June 1967, attaching to his application for renewal the required fee; the board replied thereto as set forth in the above mentioned letter of 14 July 1966, denying such application for renewal; the plaintiff did not, *at any time between 31 March 1966 and 30 June 1966,* receive notice from the board in compliance with Chapter 150 of the General Statutes or in compliance with G.S. 83-9 *to the effect that the plaintiff's license had been suspended or revoked,* that the plaintiff is entitled to have his license immediately reissued, having complied with G.S. 83-11, and praying that an order in the nature of a writ of *mandamus* be issued by the court, directing the board to issue such renewal of the plaintiff's certificate to practice architecture.

On 12 September 1967 the board filed its answer, denying that the plaintiff is entitled to renewal of his certificate, and alleging, as a further answer and defense: The plaintiff's license was revoked for his failure to renew it on or before 1 July 1965; he was notified thereof on 12 July 1965 and on 25 October 1965; the plaintiff received on 4 June 1966 the above mentioned letter from the board, dated 3 June 1966, and was thereby notified in accordance with G.S. 150-10(3) of his opportunity to be heard before the board; he did not request a hearing within the time and in the manner required

by G.S. 150-11(c); by the above mentioned letter, dated 29 June 1966, which was registered, and which the plaintiff received 8 July 1966, the plaintiff was notified of the revocation of his license by the board "for cause other than failure to pay the statutory renewal fee, and of the refusal of the Board to reinstate the license"; he failed to file notice of appeal from the decision of the board in the manner and within the time stated in G.S. 150-24.

The present action was heard by Olive, E.J., at the September Session of the Superior Court of Wake County. On 13 September 1967 he rendered judgment, reciting the following findings and order:

"1. The plaintiff was given proper notice by the defendant in accordance with G.S. 150-11 of the contemplated action to withhold the plaintiff's certificate to practice architecture for cause,

"2. At the time of its notice to plaintiff on June 3, 1966, and of its Order of June 29, 1966, the defendant had jurisdiction and properly refused to grant a certificate to practice architecture to the plaintiff under the power given to the defendant in North Carolina General Statutes, Chapter 83,

"3. The plaintiff was given proper notice of this action by the defendant in accordance with G.S. 150-21, and

"4. The plaintiff failed to perfect an appeal from the finding and order of the defendant in accordance with G.S. 150-24;

"Now, therefore, it is ordered, adjudged, and decreed that said plaintiff's action to show cause be dismissed, and that the defendant recover its costs of the plaintiff, to be taxed by the clerk."

From this judgment of Olive, E.J., the plaintiff has appealed to the Supreme Court, his sole exception being to the judgment. In his assignments of error, he asserts that the signing of the judgment was error for the following reasons:

1. The plaintiff was not an architect within the purview of G.S. 83-1(1) and the defendant had no jurisdiction over the person of the plaintiff at the time of its letter to him on 3 June 1966;

2. The plaintiff was not notified until 8 July 1966 of the action of the board in revoking his certificate on 29 June 1966;

3. The board had no jurisdiction to revoke the plaintiff's certificate because of his unauthorized practice of architecture, this being a criminal offense;

4. The board's letter of 3 June 1966 was not proper notice to the plaintiff for the reason that on 31 May 1966 he had instituted in the Superior Court of Wake County the action heard and determined by Judge Mallard on 13 July 1966;

5. The charge of unauthorized practice of architecture contained in the board's letter to the plaintiff of 3 June 1966 was rendered "moot" by Judge Mallard's judgment;

6. The conclusion contained in Judge Mallard's judgment that the matter before him was separate and independent of any action taken by the board after 31 May 1966 did not relieve the defendant from complying with Chapters 83 and 150 of the General Statutes;

7. Judge Mallard, in his judgment, did not find the plaintiff guilty of unauthorized practice of architecture as alleged in the board's letter to the plaintiff of 3 June 1966, and such judgment bars the board from charging the plaintiff again with the misconduct alleged in that letter;

8. The judgment of Judge Mallard was retroactive in that it reinstated the plaintiff's license from 1 July 1965 to 30 June 1966, but the board's letter to the plaintiff of 3 June 1966 could not constitute notice of the charges against the plaintiff since the board is not granted authority to make its order retroactive.

*William T. McCuiston for appellant.*
*Albright, Parker & Sink for appellee.*

LAKE, J. The judgment of Mallard, J., terminated the action instituted by the plaintiff on 31 May 1966, no appeal from that judgment having been perfected. That judgment dealt with the right of the plaintiff to a renewal of his certificate of admission to the practice of architecture for the period ending 30 June 1966. It determined that the plaintiff, having tendered to the board on 26 March 1966 the required fee and penalty for the renewal of his certificate, was entitled, as a matter of law, to such renewal as of that date. The judgment specifically stated that it did not relate to any action taken by the board after 31 May 1966. The validity of the order of the board, dated 29 June 1966, is, therefore, not *res judicata* by reason of the judgment of Judge Mallard, nor did the pendency on that date of the action before Judge Mallard suspend the statutory authority of the board to consider and pass upon an entirely different matter.

G.S. 83-11 provides:

"*Annual renewal of certificate; fee.* — Every architect continuing his practice in the State shall, on or before the first day of July in each year, obtain from * * * the Board * * * a renewal of his certificate for the ensuing year upon the payment of a fee in such amount as may be fixed by the Board * * * and upon failure to do so shall have his certificate of admission to practice, revoked, but such certificate may be renewed at any time within one year upon the payment of the prescribed renewal fee and an additional five dollars ($5.00) for late renewal."

Judge Mallard correctly concluded that this statute gives to the architect who fails to pay the prescribed renewal fee on its due date the right to pay the fee thereafter, within the next twelve months, and obtain a renewal of his certificate, this being an absolute, unqualified right so far as mere delay in payment of the fee is concerned. As to that the board has no discretion. The complaint in the action heard by Judge Mallard alleged that the plaintiff had tendered the fee and penalty, that the board had nevertheless refused to renew his certificate and that the plaintiff was entitled to an order in the nature of a *mandamus* requiring the board to issue the renewal. That was the question before Judge Mallard and that was what his judgment, dated 13 July 1966, determined. It determined nothing except that the plaintiff was entitled to a renewal of his certificate authorizing him to engage in the practice of architecture from 26 March 1966 to and including 30 June 1966.

The present action heard by Judge Olive does not relate to the matter determined by Judge Mallard, but relates solely to the authority of the board to refuse to renew the certificate, for a period beginning after 30 June 1966, for a cause other than the nonpayment of the renewal fee. The authority of the board to revoke, for cause, the renewal issued pursuant to Judge Mallard's judgment is a moot question not before us on this appeal since it is conceded, and plainly appears from the record, that the order of the board did not take effect until 8 July 1966, when it was served upon the plaintiff, at which time the renewal issued pursuant to the judgment of Judge Mallard had expired by lapse of time.

The judgment of Judge Mallard, entered after the expiration of the renewal period with which it was concerned, was not a vain thing. It established that the plaintiff was entitled to a certificate as of 26 March 1966, so that any otherwise lawful practice of architecture by him from 26 March 1966 to 30 June 1966, inclusive, was not

unauthorized practice and would not, for that reason, justify a refusal by the board to renew his certificate for a subsequent period. The validity of the order of the board, dated 29 June 1966, which was the order before Judge Olive, is to be determined, therefore, as if the board had on 26 March 1966 accepted the tender of the renewal fee by the plaintiff and had then issued to him a renewal of the certificate, such renewal expiring at the end of 30 June 1966. Such action by the board would not preclude it from subsequently considering and acting upon charges of conduct by the certificate holder which, if true, would constitute cause for revocation of the certificate.

Chapter 150 of the General Statutes applies to the revocation of a license or certificate issued by the defendant board. G.S. 150-10 provides that every licensee shall be afforded notice and opportunity to be heard before the board takes any action to withhold the renewal of his license for any cause other than failure to pay a statutory renewal fee. G.S. 150-11(b) prescribes the contents of such notice. The letter of the board to the plaintiff, dated 3 June 1966, complies with these requirements. G.S. 150-11(c) provides:

"(c) If the licensee * * * does not mail a request for a hearing within the time and in the manner required by this section, the board may take the action contemplated in the notice and such action shall be final and *not subject to judicial review."* (Emphasis added.)

G.S. 150-12 provides that such notice "may be served either personally or by an officer authorized by law to serve process, or by registered mail, return receipt requested * * *." The complaint in the present action does not allege that this notice was not so served. What the complaint alleges is that the plaintiff did not, between 31 March 1966 and 30 June 1966, receive notice that his license had been suspended or revoked. It appears from the record that the notice of 3 June 1966 was sent by "registered mail, receipt requested," and that the plaintiff received it on 4 June 1966. Judge Olive found as a fact that "the plaintiff was given proper notice by the defendant in accordance with G.S. 150-11 of the contemplated action to withhold the plaintiff's certificate to practice architecture for cause." The record supports this finding. It follows that the board had jurisdiction, both of the subject matter and of the person of the plaintiff, at the time of its order dated 29 June 1966. The plaintiff did not request a hearing by the board. Consequently, by the express terms of G.S. 150-11(c), the board was empowered to determine the matter and its order became final and not subject to judicial review.

G.S. 150-21 provides:

> "*Service of written decision.* — Within five days after the decision is rendered the board shall serve upon the person whose license is involved a written copy of the decision, either personally or by registered mail. If the decision is sent by registered mail it shall be deemed to have been served on the date borne on the return receipt."

Judge Olive found that the plaintiff was given proper notice of its decision in accordance with G.S. 150-21. The brief of the defendant in this Court contains a statement to the effect that the decision of the board, dated 29 June 1966, was first circulated to the members of the board in order to obtain their approval as to its form and, thereafter, was dispatched by registered mail to the plaintiff on 6 July 1966, and he signed a receipt for it on 8 July 1966. In the absence of a stipulation to this effect by the plaintiff, we cannot base our decision upon this statement of fact in the defendant's brief, the record being silent on that point. Furthermore, the defendant's own "Statement of the Case on Appeal," included in the record, by stipulation, as part of "the case and record on appeal," says, "On June 29, 1966, the Board entered its order." There is nothing in the record to indicate any contrary evidence or contention before Judge Olive. We, therefore, must determine whether an order, within the authority of the board when entered by it, and not subject to judicial review as of that time, becomes a nullity by reason of service upon the certificate holder nine days after its entry.

G.S. 150-20 provides:

> "*Manner and time of rendering decision.* — After a hearing. has been completed the members of the board who conducted the hearing shall proceed to consider the case and as soon as practicable shall render their decision. * * * In any case the decision *must be rendered within ninety days after the hearing.*" (Emphasis added.)

We think the clear intent of G.S. 150-20 is that the board loses its authority to render a decision at the expiration of ninety days from the date of the hearing and an order entered thereafter is a nullity, but it was not the intent of G.S. 150-21 that an order entered within the authority of the board becomes a nullity through a delay in serving it.

G.S. 150-24 governs the right to and procedure for obtaining judicial review of a decision of the board, where the decision is subject to judicial review. It provides:

> "*Availability of judicial review; notice of appeal; waiver of*

*right to appeal.* — Any person entitled to a hearing pursuant to this chapter, who is aggrieved by an adverse decision of a board issued after hearing, may obtain a review of the decision in the Superior Court of Wake County * * * In order to obtain such review such person must, within twenty days after the date of service of the decision as required by § 150-21, file with the board secretary a written notice of appeal, stating all exceptions taken to the decision * * * *Failure to file such notice of appeal in the manner and within the time stated shall operate as a waiver of the right to appeal and shall result in the decision of the board becoming final;* except that for good cause shown, the judge of the superior court may issue an order permitting a review of the board decision notwithstanding such waiver." (Emphasis added.)

G.S. 150-33 provides:

"*Judicial review procedure exclusive.* — The provisions of this chapter providing a uniform method of judicial review of board actions of the kind specified in G.S. 150-10 [including revocation of and refusal to renew a license] shall constitute an exclusive method of court review in such cases and shall be in lieu of any other review procedure available under statute or otherwise. * * *"

The plaintiff did not give notice of appeal from the decision of the board. On the contrary, he did nothing until he instituted this action for a *mandamus* to compel the renewal of his certificate, approximately fourteen months after the decision of the board was received by him. An action for *mandamus* may not be used as a substitute for an appeal. *Young v. Roberts,* 252 N.C. 9, 112 S.E. 2d 758; *Realty Co. v. Planning Board,* 243 N.C. 648, 92 S.E. 2d 82; *Baker v. Varser,* 239 N.C. 180, 79 S.E. 2d 757; *Pue v. Hood, Comr. of Banks,* 222 N.C. 310, 22 S.E. 2d 896. This extraordinary remedy "is not a proper instrument to review or reverse an administrative board which has taken final action on a matter within its jurisdiction." *Warren v. Maxwell,* 223 N.C. 604, 27 S.E. 2d 721. An action for a writ of *mandamus* lies only where the plaintiff shows a clear legal right to the action demanded and has no other adequate remedy. *Thomas v. Board of Elections,* 256 N.C. 401, 124 S.E. 2d 164; *Young v. Roberts, supra; Hospital v. Wilmington,* 235 N.C. 597, 70 S.E. 2d 833; *Jarrell v. Snow,* 225 N.C. 430, 35 S.E. 2d 273; *Harris v. Board of Education,* 216 N.C. 147, 4 S.E. 2d 328. When the statute under which an administrative board has acted provides an orderly procedure for an appeal to the superior court for review of the board's

action, this procedure is the exclusive means for obtaining such judicial review. *In Re Assessment of Sales Tax*, 259 N.C. 589, 131 S.E. 2d 441; *Sanford v. Oil Co.*, 244 N.C. 388, 93 S.E. 2d 560; *In Re Employment Security Com.*, 234 N.C. 651, 68 S.E. 2d 311; Strong, N. C. Index, 2d Ed., *Mandamus*, §§ 1 and 4.

The plaintiff having failed, as found by Judge Olive, to perfect his appeal from the order of the board, dated 29 June 1966, the judgment dismissing his action for *mandamus* was proper.

Affirmed.