DANIEL J. CRAVEN v. JOEL DIMMETTE, LUTHER OEHLBECK, ROBERT L. ROGERS, D/B/A THE SPORTS CENTER

No. 7025DC256

(Filed 6 May 1970)

**Appeal and Error §§ 39, 40— failure to docket record in apt time — failure to include judgment in record**

 Appeal is dismissed for failure to docket the record on appeal within the time, as extended by the trial court, allowed by Rule 5 and for failure to include the judgment appealed from in the record on appeal as required by Rule 19(a). Court of Appeals Rule No. 48.

APPEAL by plaintiff from *Vernon, District Judge,* November 1969 Session, CALDWELL District Court.

This is a civil action for damages for breach of warranty in the sale of a boat by defendants to plaintiff. The case was before this Court at the 1969 Spring Session at which time we held that the trial court erred at its February 1969 Civil Session in entering judg-

ment of nonsuit at close of plaintiff's evidence. Our opinion is reported in 5 N.C. App. 617, 169 S.E. 2d 129.

The record before us discloses that following presentation of all' evidence at the retrial, defendants' motion for nonsuit was allowed and that plaintiff appealed.

*Ted S. Douglas for plaintiff appellant.*

*Townsend & Todd by James Todd, Jr., for defendant appellees.*

BRITT, J.

Defendants have filed a motion to dismiss plaintiff's appeal for that plaintiff failed to docket his case on appeal within the time allowed by Rule 5 of the Court of Appeals. Said rule provides that if the record on appeal is not docketed within ninety days after the date of the judgment, order, decree, or determination appealed from, the case may be dismissed, provided, the trial tribunal may, for good cause, extend the time not exceeding sixty days, for docketing the record on appeal.

The record before us contains no judgment except the judgment dated 5 February 1969 which was considered on the former appeal. Rule 19(a) of our rules provides, *inter alia,* that "the order, judgment, decree, or determination appealed from shall be included in the record on appeal in all cases." The statement of case on appeal reveals that the case was retried in district court on 6 November 1969 and the record contains an order by the trial judge dated 6 February 1970 providing that "plaintiff shall have an additional forty days within which to docket the case on appeal in the Court of Appeals, up to and including the fourth day of March, 1970." The record on appeal was filed in this Court on 9 March 1970.

For failure to comply with the rules of this Court, plaintiff's appeal is dismissed. Rule 48, Rules of Practice in the Court of Appeals of North Carolina.

Appeal dismissed.

BROCK and GRAHAM, JJ., concur.