SMITH'S CYCLES, INC. v. J. F. ALEXANDER, COMMISSIONER
OF MOTOR VEHICLES OF NORTH CAROLINA

No. 7510SC411

(Filed 5 November 1975)

1. **Automobiles § 5.5— motor vehicle franchises — granting of additional franchise — notice — request for hearing**

   Where a motorcycle manufacturer gave plaintiff dealer notice under G.S. 20-305(5) of its intention to grant a new motorcycle franchise in plaintiff's trade area on or before 1 September 1973, but the manufacturer did not grant such a franchise by that date, the failure of plaintiff to request a hearing by the Commissioner of Motor Vehicles within 30 days after receipt of such notice did not give the manufacturer the right to grant a new franchise at any time in the future without giving plaintiff further notice under G.S. 20-305(5); and where the manufacturer granted a new franchise on 14 October 1974 without giving additional notice to plaintiff, the 30-day time limitation never began to run, and plaintiff properly filed its petition for a hearing on 19 October 1974.

2. **Administrative Law § 5; Automobiles § 5.5— review of order of Commissioner of Motor Vehicles — "Complaint and Petition" — treating as petition for review**

   Where the Commissioner of Motor Vehicles dismissed plaintiff's petition for a hearing on a motorcycle manufacturer's intention to grant a new motorcycle franchise in plaintiff's area, a "Complaint and Petition for Writ of Mandamus," filed by petitioner in the superior court within 30 days thereafter and complaining of the Commissioner's order dismissing his petition without a hearing, was properly considered by the court as a petition for a review under G.S. 143-309.

APPEAL by plaintiff, Smith's Cycles, Inc., from *Preston, Judge.* Order of dismissal entered 27 March 1975, in Superior Court, WAKE County. Heard in the Court of Appeals 4 September 1975.

Under G.S. 20-305(5), before a motor vehicle manufacturer may establish a new dealership in any "line-make" of motor vehicles, it must give notice of its intention to all of the existing dealers in that "line-make" in the same trade area. Within 30 days after receiving such notice, any dealer may request a hearing before the Commissioner of Motor Vehicles. At this hearing the Commissioner must determine whether "after the grant of the new franchise, the market will not support all of the dealerships in that line-make in the trade area." If the Commissioner finds this to be the case, the manufacturer may not grant the proposed new franchise.

Cycles, Inc. v. Alexander, Comr. of Motor Vehicles

Plaintiff is, and has been since 1964, a Honda dealer in Greensboro, operating under a franchise from American Honda Company, Inc. On 25 July 1973, American Honda notified plaintiff that it intended to grant a new Honda motorcycle franchise in the Greensboro area on or before 1 September 1973. Plaintiff did not request a hearing before the Commissioner of Motor Vehicles. American Honda did not grant another franchise in the area as indicated before 1 September 1973. But, on 14 October 1974, without giving any additional notice to plaintiff, it granted a new franchise to Crown Pontiac, Inc. On 19 October 1974, plaintiff filed a petition with the Commissioner of Motor Vehicles requesting a hearing and determination as provided by G.S. 20-305 (5).

On 5 December 1974, the Commissioner of Motor Vehicles entered an order of dismissal, concluding that plaintiff did not request a hearing and determination within 30 days after the notice of 25 July 1973, as required by G.S. 20-305.

On 12 December 1974, plaintiff filed a "Complaint and Petition for Writ of Mandamus" in the Superior Court of Wake County, which was construed as a petition pursuant to G.S. 143-309 by Superior Court Judge Donald L. Smith, who issued on 12 December 1974, a stay order as provided by G.S. 143-312. American Honda was allowed to intervene, and it filed a motion to dismiss the action under G.S. 1A-1, Rule 12 (b) (6). From the order of Judge Preston dismissing the action, plaintiff appealed.

*Attorney General Edmisten by Assistant Attorney General William W. Melvin for defendant appellee.*

*Dameron, Turner, Enochs & Foster by James R. Turner for plaintiff appellant.*

*Allen, Steed and Pullen, P.A. by Arch T. Allen III for intervenor appellee, American Honda Motor Company, Inc.*

CLARK, Judge.

[1]   The Commissioner of Motor Vehicles and American Honda, Intervenor, apparently have taken the position that when American Honda, on 25 July 1973, notified plaintiff that it would grant a new franchise in the Greensboro area before 1 September 1973, the plaintiff should have requested a hearing and determination by the Commissioner; that his request or petition should have been made within 30 days after notice;

and that upon plaintiff's failure to do so, American Honda had the right to grant a new franchise at any time in the future, even more than a year later, without giving plaintiff any further notice under G.S. 20-305. This is an improper interpretation of the statute. The notice provision contemplates an analysis of relevant market conditions within the trade area at or about the time that the notice of the new dealership is made, not the distant past or future. Market and economic conditions change from time to time and place to place. In construing a statute the courts always look to its purpose and presume that the legislature acts with reason and common sense and that it did not intend an unjust or absurd result. *King v. Baldwin,* 276 N.C. 316, 172 S.E. 2d 12 (1970). When American Honda chose not to grant a new franchise before 1 September 1973, in accordance with its notice to plaintiff, a new notice should have been sent to plaintiff and other dealers in the area. Since it did not send a new notice, the 30-day time limitation under the statute never began to run, and the plaintiff has not violated it.

[2] Appellate review of an administrative decision is provided for under G.S. 20-300 and G.S. 143-309 by the filing of the petition in the Superior Court of Wake County, not later than 30 days after service of the administrative decision. The plaintiff sought appellate review by filing in the Superior Court of Wake County a "Complaint and Petition for Writ of Mandamus," in which plaintiff "complains and petitions" for an order to the defendant to hold the hearing as required by statute. In *Snow v. Board of Architecture,* 273 N.C. 559, 160 S.E. 2d 719 (1968), it was held that an action for mandamus may not be used as a substitute for appellate review. In that case plaintiff did not appeal from a decision of the Board of Architecture as provided by G.S. 150-24, but fourteen months later instituted in an action for mandamus to compel the renewal of his certificate to practice.

Sub judice, plaintiff's "Complaint and Petition" was filed in apt time under G.S. 143-309. It complained of the order of the Commissioner of Motor Vehicles which dismissed his petition and refused to conduct a hearing; it sought the determination of the question of law which is a proper subject of judicial review. *Foster v. Medical Care Comm.,* 283 N.C. 110, 195 S.E. 2d 517 (1973). Superior Court Judge Smith, in a stay order of 12 December 1974, treated plaintiff's "Complaint and Petition"

as a petition for review under G.S. 143-309, and it is our opinion that under the facts of this case, he acted properly. G.S. 143-309 must be liberally construed to preserve and effectuate the right of appellate review of a decision of a state agency. *In re Appeal of Harris,* 273 N.C. 20, 159 S.E. 2d 539 (1968).

The order of the Superior Court dismissing the plaintiff's appeal is reversed and this cause is remanded to the Superior Court with direction that it be remanded to the Commissioner of Motor Vehicles for a hearing and determination as provided by G.S. 20-305.

Reversed and remanded.

Judges BRITT and PARKER concur.