STATE OF NORTH CAROLINA EX REL HOWARD N. LEE, SECRETARY, DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT v. JOE WILLIAMS

No. 8024SC662

(Filed 1 December 1981)

1. Appeal and Error § 40— failure to include judgment in record

Appeal is subject to dismissal because of appellant's failure to include the complete judgment appealed from in the record on appeal. Appellate Rule 9(b) (1) (viii).

2. Administrative Law § 5— action to recover civil penalty—no judicial review of administrative decision

Where defendant failed to seek judicial review of a final agency decision denying his request for remission of a civil penalty for violations of the Sedimentation Pollution Control Act and failed to pay the penalty, and the attorney general, on behalf of the agency, instituted a civil action in Watauga County to recover the civil penalty and compel compliance with the Act, the trial court erred in granting the attorney general's motion in limine to limit the issue in the civil action to such judicial review of the agency decision which denied remission as that to which defendant would have been entitled had he appealed the decision pursuant to G.S. 150A-43, since (1) defendant waived his right to judicial review of the agency decision by failing to perfect an appeal therefrom and judicial review of the decision in a suit for enforcement of the decision was improper, and (2) Watauga County Superior Court lacked subject matter jurisdiction to review the agency decision because Wake County Superior Court had exclusive jurisdiction to review the final decision of a State agency under G.S. 150A-45.

APPEAL by defendant from *Ervin, Judge.* Judgment entered 5 February 1980 in Superior Court, WATAUGA County. Heard in the Court of Appeals 4 February 1981.

Defendant appeals from a judgment which ordered him to pay a civil penalty for alleged violations of the Sedimentation Pollution Control Act of 1973, G.S. 113A-50 et seq. [hereinafter the Act], and to bring his property into compliance with the Act.

*Attorney General Edmisten, by Assistant Attorney General James L. Stuart, for plaintiff appellee.*

*Robert S. Cahoon for defendant appellant.*

WHICHARD, Judge.

[1] The record filed on appeal does not contain the complete judgment. By failing to include the judgment appealed from in the record on appeal, the defendant has violated Rule 9(b)(1)(viii) of the North Carolina Rules of Appellate Procedure, and his appeal is subject to dismissal. *Craven v. Dimmette*, 8 N.C. App. 75, 173 S.E. 2d 647 (1970); *see Abernethy v. Trust Co.*, 211 N.C. 450, 190 S.E. 735 (1937). Pursuant to Rule 9(b)(6) of the North Carolina Rules of Appellate Procedure, the court on its own initiative has obtained a certified copy of the judgment from the Clerk of Superior Court of Watauga County. The court, therefore, will entertain the appeal.

[2] The case comes to this court after a lengthy and complex series of administrative proceedings. During 1976 representatives of the North Carolina Department of Natural and Economic Resources (now the Department of Natural Resources and Community Development) inspected defendant's property for possible violations of the Act. The Department notified defendant that he was in violation of the Act, and that if corrective measures were not begun within ten days, the Department would assess a civil penalty against him. Corrective measures were not taken, and the Department notified defendant of assessment of a civil penalty in the amount of $75.00 per day until he brought the property into compliance with the Act.

This notification ordered defendant, within 60 days of receipt, (1) to submit payment of the accrued assessment, (2) to submit a written request for remission or mitigation of the penalty with a statement of factual issues in dispute, or (3) to submit a request for a formal adjudicatory hearing with a statement of issues to be litigated. Within apt time defendant requested remission or mitigation. The agency held a hearing in 1977 on defendant's remission or mitigation request which inquired into the reasonableness of the penalty imposed. After the hearing the Secretary notified defendant that the Department had denied his

request for remission, but had reduced the penalty to $25.00 per day as of the hearing date.

Defendant failed to seek judicial review of the final agency decision on his remission request and failed to pay the penalty. Pursuant to G.S. 113A-64(a)(2), the Secretary referred the matter to the Attorney General for institution of a civil action to recover the civil penalty and compel compliance with the Act. The Attorney General instituted this action in Watauga County Superior Court.

The plaintiff filed a motion in limine to limit the issue in the civil action to such judicial review of the agency decision which denied remission as that to which defendant would have been entitled had he appealed the decision pursuant to G.S. 150A-43. By its motion the state sought to preclude defendant from raising such factual issues as he might have raised in an adjudicatory hearing on the imposition of civil penalties, because defendant waived his right to an adjudicatory hearing by seeking remission or mitigation. The court granted the motion and remanded the case for a new remission hearing because it found the record of the first hearing insufficient to permit judicial review.

The agency conducted the hearing after which the Secretary remitted the $25.00 per day penalty, ordered payment of the penalty which had accrued prior to the initial hearing, and ordered defendant to take certain corrective measures in accordance with specified plans. Defendant did not seek judicial review of that decision. The Watauga County Superior Court then entered a judgment wherein it made findings of fact and conclusions of law "pursuant to G.S. 150A-51." The court affirmed the decision of the Secretary and also ordered defendant to perform certain actions which the Secretary had not ordered.

The plaintiff, by its motion in limine, attempted to convert this civil action for the enforcement of a penalty into one for judicial review of a final agency decision. The court erred in granting plaintiff's motion.

G.S. 150A-43 afforded defendant a right to judicial review of the Secretary's 1977 decision denying his remission request. Defendant waived his right to such judicial review by failing to perfect this appeal pursuant to the procedure set forth in G.S.

150A-45. "When the statute under which an administrative board has acted provides an orderly procedure for appeal to the superior court for review of the [agency's] action, this procedure is the exclusive means for obtaining such judicial review." *Snow v. Board of Architecture*, 273 N.C. 559, 570-571, 160 S.E. 2d 719, 727 (1968). Judicial review of the Secretary's decision in the suit for enforcement of that decision, therefore, was improper.

Moreover, G.S. 150A-45 confers exclusive jurisdiction for judicial review of final agency decisions on the Superior Court of Wake County when, as here, a state rather than a local agency made the initial determination. Subject matter jurisdiction derives from the law which organizes a tribunal and cannot be conferred on a court by action of the parties nor assumed by a court except as provided by that law. *In re Peoples*, 296 N.C. 109, 250 S.E. 2d 890 (1978) *cert. denied* 442 U.S. 929 (1979). Because exclusive jurisdiction was vested in the Superior Court of Wake County, the Watauga County Superior Court lacked subject matter jurisdiction to review the Secretary's 1977 decision. We therefore vacate the judgment and remand the case to the trial court.

The Attorney General, on behalf of the Department, filed this action for the collection of civil penalties, G.S. 113A-64(a)(2), and for the imposition of an order enforcing compliance with the Act and an injunction, G.S. 113A-66. The action is a civil action, not one for review of a final agency decision. Defendant requested a jury trial in his answer and is therefore entitled to jury trial on all factual issues upon remand.

Vacated and remanded.

Judges WEBB and MARTIN (Harry C.) concur.