STATE OF NORTH CAROLINA EX REL. JOSEPH W. GRIMSLEY, SECRETARY, NORTH CAROLINA DEPARTMENT OF NATURAL RESOURCES AND COMMUNITY DEVELOPMENT v. P. K. BUCHANAN, SR. AND WIFE, MARTHA I. BUCHANAN

No. 8211SC1003

(Filed 4 October 1983)

Administrative Law § 8 — failure to seek administrative review — judicial review limited

In an action instituted to collect a penalty for a violation of the Sedimentation Pollution Control Act and to compel compliance with the Act, where defendants informed plaintiff by letter that they did not wish to contest the assessment in an administrative hearing, defendants waived their exclusive means by which to obtain judicial review and the determination of a violation and assessment of a penalty is final. G.S. 113A-50 through -66, G.S. 113A-64(a)(2), and G.S. 113A-54(b).

APPEAL by defendants from *Britt (Samuel E.), Judge.* Judgment entered 26 August 1982 in Superior Court, LEE County. Heard in the Court of Appeals 24 August 1983.

Defendants appeal from allowance of plaintiff's motion for summary judgment in a civil action to collect a penalty for violation of the Sedimentation Pollution Control Act and to compel compliance with the Act.

State ex rel. Grimsley v. Buchanan

*Attorney General Edmisten, by Assistant Attorney General G. Criston Windham, for the State.*

*Cameron & Hager, P.A., by Richard B. Hager, for defendant appellants.*

WHICHARD, Judge.

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c); *see also Singleton v. Stewart,* 280 N.C. 460, 464, 186 S.E. 2d 400, 403 (1972); *Carr v. Carbon Corp.,* 49 N.C. App. 631, 633, 272 S.E. 2d 374, 376 (1980), *disc. rev. denied,* 302 N.C. 217, 276 S.E. 2d 914 (1981). The party moving for summary judgment has the burden of making a prima facie showing that no genuine issue of fact exists. *Development Corp. v. James,* 300 N.C. 631, 637, 268 S.E. 2d 205, 209 (1980). When this occurs, the opposing party must come forward with evidence in opposition, and cannot merely rely on general denials in the pleadings. *Real Estate Trust v. Debnam,* 299 N.C. 510, 513, 263 S.E. 2d 595, 598 (1980).

Here, plaintiff's representatives inspected defendants' property for possible violations of the Sedimentation Pollution Control Act, G.S. 113A-50 to -66. Plaintiff notified defendants that they were in violation of the Act, and specified the necessary corrective measures. Defendants, in response, submitted and implemented an acceptable erosion control plan. A subsequent inspection, however, revealed that the corrective measures were no longer effective.

Plaintiff then sent defendants a second notice stating that they were in violation of the Act and specifying the necessary corrective measures. The notice also stated that if corrective measures were not begun within ten days, plaintiff would assess a civil penalty against defendants. Defendants did not take corrective measures, and plaintiff notified them of assessment of a civil penalty in the amount of $2,310.00.

The notification informed defendants that they must, within thirty days of receipt of the notice, either pay the penalty or re-

quest in writing an administrative hearing to contest the assessment. Defendants did neither. Instead, defendants' attorney informed plaintiff by letter that defendants did not wish to contest the assessments in an administrative hearing. Pursuant to G.S. 113A-64(a)(2), plaintiff referred the matter to the Attorney General for institution of a civil action to recover the penalty and compel compliance with the Act. The Attorney General then instituted this action.

Plaintiff, relying on its verified complaint and exhibits attached thereto from the administrative proceedings, filed a motion for summary judgment alleging that the failure to request an administrative hearing within the time provided by law constituted a waiver of the right to challenge the validity of the determination of a violation and assessment of a penalty. Defendants filed a response contending that the General Assembly did not provide an effective administrative remedy in the Act and did not empower the Sedimentation Pollution Control Commission to do so under the grant of rulemaking authority contained in G.S. 113A-54(b). The trial court granted the motion, and defendants appeal.

When the legislature has established an effective administrative remedy, that remedy is exclusive. *King v. Baldwin*, 276 N.C. 316, 321, 172 S.E. 2d 12, 15 (1970); *Wake County Hospital v. Industrial Comm.*, 8 N.C. App. 259, 262, 174 S.E. 2d 292, 294, *cert. denied*, 277 N.C. 117 (1970). The legislature has given the Sedimentation Control Commission the power to adopt rules and regulations pursuant to Article 2 of Chapter 150A, the Administrative Procedure Act. G.S. 113A-54(b) (Cum. Supp. 1981). The regulations adopted pursuant to this authority provide for an adjudicatory hearing to contest a civil penalty assessment. 15 NCAC 4C.0008. This hearing must be conducted in accordance with the Contested Case Hearing Procedures. *See* 15 NCAC 1B.0202. The party aggrieved by the final agency decision can appeal to the Superior Court of Wake County. G.S. 150A-43, -45. "When the statute under which an administrative [body] has acted provides an orderly procedure for an appeal to the superior court for review of the [body's] action, this procedure is the exclusive means for obtaining such judicial review." *Snow v. Board of Architecture*, 273 N.C. 559, 570-71, 160 S.E. 2d 719, 727 (1968).

Since there was an exclusive means by which to obtain judicial review, and defendants chose not to pursue it, the determination of a violation and assessment of a penalty is final. This civil action is for the purpose of collecting a penalty and compelling compliance with the Act. It is "not one for review of a final agency decision." *Lee v. Williams,* 55 N.C. App. 80, 83, 284 S.E. 2d 572, 575 (1981). Having elected not to pursue the exclusive means provided for judicial review of the determination of a violation and assessment of a penalty, defendants cannot now contest those matters. *Lee, supra.*

Plaintiff made a prima facie showing that it was entitled to recover the penalty and obtain compliance with the Act. Defendants presented no evidence in opposition. There thus was no genuine issue of material fact, and plaintiff was entitled as a matter of law to the relief granted.

Affirmed.

Judges JOHNSON and EAGLES concur.