STATE EX REL. COBEY v. COOK

[118 N.C. App. 70 (1995)]

━━━━━━━

STATE OF NORTH CAROLINA, EX. REL. WILLIAM W. COBEY, JR. SECRETARY, NORTH CAROLINA DEPARTMENT OF ENVIRONMENT, HEALTH AND NATURAL RESOURCES, PLAINTIFF V. FRANK H. COOK, DEFENDANT

No. 9430SC379

(Filed 21 February 1995)

1. **Environmental Protection, Regulation, and Conservation § 124 (NCI4th)— violation of Sedimentation Pollution Control Act—claim for civil penalties—sufficiency of complaint**

A complaint was sufficient to state a claim under N.C.G.S. § 113A-64(a)(2) to enforce civil penalties where it alleged that the Dept. of E.H.N.R. assessed civil penalties against defendant for violations of the Sedimentation Pollution Control Act, that notices of the penalties were received by defendant, and that defendant did not file a petition for a contested case hearing within the time allowed and refused to pay the penalty.

**Am Jur 2d, Pollution Control § 288.**

**2. Environmental Protection, Regulation, and Conservation § 124 (NCI4th)— violation of Sedimentation Pollution Control Act—civil penalty—constitutional delegation of legislative power**

The statutory authority of the Dept. of E.H.N.R. to assess civil penalties for violations of the Sedimentation Pollution Control Act remains a constitutional delegation of legislative power necessary to enforcement of the Act even though the Dept. of E.H.N.R. now is authorized by N.C.G.S. § 113A-65.1 to issue a stop-work order under certain circumstances.

**Am Jur 2d, Pollution Control § 288.**

**Validity of state statutory provision permitting administrative agency to impose monetary penalties for violation of environmental pollution statute. 81 ALR3d 1258.**

**3. Environmental Protection, Regulation, and Conservation § 124 (NCI4th)— violation of Sedimentation Pollution Control Act—enforcement tools—no choice by polluter**

Defendant polluter had no right to require the Dept. of E.H.N.R. to utilize a stop-work order rather than a civil penalty to enforce the Sedimentation Pollution Control Act.

**Am Jur 2d, Pollution Control § 288.**

Appeal by defendant from order entered 10 January 1994 by Judge James U. Downs in Cherokee County Superior Court. Heard in the Court of Appeals 12 January 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Sueanna P. Sumpter, for plaintiff-appellee.*

*Charles R. Brewer for defendant-appellant.*

WALKER, Judge.

On 15 January 1993, the Attorney General instituted this action against defendant to enforce a $5,040.00 civil penalty assessed on defendant by the Department of Environment, Health and Natural Resources (DEHNR) for violations of the Sedimentation Pollution Control Act of 1973 (SPCA), N.C. Gen. Stat. § 113A-50 *et seq.* and implementing rules. Defendant answered and moved that the complaint be dismissed because (1) it fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), and (2) the SPCA as

applied to him is unconstitutional in that it violates the Fourteenth Amendment to the United States Constitution. The State filed a motion for summary judgment and both parties' motions were heard in the Macon County Superior Court on 1 November 1993.

By order entered 10 January 1994, the court denied defendant's motions to dismiss and allowed the State's motion for summary judgment. The court found that the complaint states a claim upon which relief may be granted and that "while this matter presents no genuine issue as to any material fact, it does present a sole justiciable issue of law, specifically regarding the constitutionality of [the SPCA] as applied to the defendant." The court concluded as a matter of law that "the statute, as applied to the defendant, is not violative of the Fourteenth Amendment to the United States Constitution and is not constitutionally infirm for any other reason advanced by the defendant." The court further concluded that defendant's motions to dismiss should be denied, that the State is entitled to judgment as a matter of law and that its motion for summary judgment should therefore be allowed. From this order, defendant appeals.

[1] We first addresss the denial of defendant's motion to dismiss for failure to state a claim upon which relief can be granted. The question for the court on a Rule 12(b)(6) motion to dismiss is whether, as a matter of law, the allegations of the complaint, when treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory. *Harris v. NCNB*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). "A complaint is sufficient to withstand a motion to dismiss where no insurmountable bar to recovery on the claim alleged appears on the face of the complaint and where allegations contained therein are sufficient to give a defendant notice of the nature and basis of plaintiff's claim so as to enable him to answer and prepare for the trial." *Industries, Inc. v. Construction Co.*, 42 N.C. App. 259, 264, 257 S.E.2d 50, 54, *disc. review denied*, 298 N.C. 296, 259 S.E.2d 301 (1979).

Applying the foregoing analysis, we find the complaint sufficient to withstand defendant's motion to dismiss. The complaint alleges a cause of action under N.C. Gen. Stat. § 113A-64(a)(2) (1994), which provides:

The Secretary [of DEHNR] . . . shall determine the amount of the civil penalty [pursuant to N.C. Gen. Stat. § 113A-64(a)(1)] and shall notify the person who is assessed the civil penalty of the amount of the penalty and the reason for assessing the penalty.

STATE ex rel. COBEY v. COOK

[118 N.C. App. 70 (1995)]

> The notice of assessment shall be served by any means author-
> ized under G.S. 1A-1, Rule 4, and shall direct the violator to either
> pay the assessment or contest the assessment within 30 days by
> filing a petition for a contested case under Article 3 of Chapter
> 150B . . . . If a violator does not pay a civil penalty assessed by the
> Secretary within 30 days after it is due, [DEHNR] shall request the
> Attorney General to institute a civil action to recover the amount
> of the assessment . . . . An assessment that is not contested is due
> when the violator is served with a notice of assessment . . . .

The verified complaint alleges that on or about 24 August 1992, DEHNR, pursuant to its authority under N.C. Gen. Stat. § 113A-64, assessed civil penalties totalling $5,040.00 for violations of the SPCA. Notice and assessment, copies of which are attached as an exhibit to the complaint and incorporated by reference, were sent to defendant and received by him on 29 August 1992. The notice informed defendant that he must either pay the penalty amount or file with the Office of Administrative Hearings (OAH) a petition to commence a contested case hearing within sixty days of receipt. Defendant did not file a petition with the OAH within the time period allowed and refused to pay the penalty. These allegations were sufficient to state a cause of action under N.C. Gen. Stat. § 113A-64(a)(2), reveal no insurmountable bar to recovery, and give sufficient notice of the nature and basis of the State's claim.

[2] We next consider the denial of defendant's motion to dismiss on grounds that the SPCA as applied to defendant violates the Fourteenth Amendment to the United States Constitution. Defendant argues that his motion to dismiss should have been granted because the penalty provision of the SPCA, N.C. Gen. Stat. § 113A-64(a), is an unconstitutional delegation of judicial power in violation of Article IV, Section 3 of the North Carolina Constitution and because the SPCA, as applied to him, violates the Fourth and Fourteenth Amendments to the United States Constitution. Although defendant's answer only raised as both a defense and a motion to dismiss the issue of whether the SPCA, as applied to him, violates the Fourteenth Amendment, defendant submitted a brief in opposition to plaintiff's motion which raised these additional constitutional issues. Since these issues were raised and considered below, we elect to address them.

We find defendant's arguments that the SPCA, as applied to him, violates the Fourth and Fourteenth Amendments lacking in merit and

thus only address the issue of whether DEHNR's authority to assess civil penalties under N.C. Gen. Stat. § 113A-64(a) is a constitutional delegation of judicial power. In *In the Matter of Appeal From Civil Penalty*, 324 N.C 373, 379 S.E.2d 30 (1989), our Supreme Court held that the legislature's delegation of authority to DEHNR to assess civil penalties for violations of the SPCA was a constitutional delegation of judicial power since such authority was reasonably necessary in light of the agency's purpose and in light of the nature and extent of the judicial power conferred. The Court stated:

> There are several basic objectives in sedimentation control, including (1) identification of critical areas, (2) limiting the size of exposed areas, and (3) limiting the time of exposure. . . . *Perhaps the most critical concern is that time is of the essence, but the penalties section of the Act provides no form of "stop work" power in order to halt a violation in progress.* N.C.G.S. §§ 113A-64 to -66 (1983). Although NRCD [DEHNR's predecessor] has authority to seek injunctive relief in courts, N.C.G.S. § 113A-64, by the time an action is brought and an injunction issued, irreparable damage may have already occurred. The power to levy a civil penalty is therefore a useful tool, since even the threat of a fine is a deterrent. We conclude that the civil penalty power is reasonably necessary to the purposes for which NRCD was established.

*In the Matter of Appeal From Civil Penalty*, 324 N.C at 380-81, 379 S.E.2d at 35 (emphasis added).

Defendant argues that DEHNR's authority to assess civil penalties is no longer a constitutional delegation of judicial power because since *In the Matter of Appeal From Civil Penalty* was decided, the legislature enacted N.C. Gen. Stat. § 113A-65.1, which authorizes DEHNR to issue stop-work orders. We disagree. We reviewed both the penalty and stop-work order provisions and find that DEHNR's authority to issue a penalty is still reasonably necessary to the enforcement of the SPCA and hence to one of the purposes for which DEHNR was established. The stop-work order provision is merely an additional enforcement tool.

Under the stop-work order provision, a stop-work order is served on the person who is in operational control of the land-disturbing activity and becomes effective upon service of the order. N.C. Gen. Stat. § 113A-65.1 (c) and (d) (1994). While all violations of the SPCA or of any rules adopted or orders issued pursuant to the SPCA are

subject to a civil penalty under N.C. Gen. Stat. § 113A-64(a)(1) (1994), stop-work orders can only be issued upon findings that:

> a land-disturbing activity is being conducted in violation of this Article or of any rule adopted or order issued pursuant to this Article, that the violation is knowing and willful, and that either:
>
>> (1) Off-site sedimentation has eliminated or severely degraded a use in a lake or natural watercourse or that such degradation is imminent.
>>
>> (2) Off-site sedimentation has caused severe damage to adjacent land or that such damage is imminent.
>>
>> (3) The land-disturbing activity is being conducted without an approved plan.

N.C. Gen. Stat. § 113A-65.1(a). Thus, the authority to assess civil penalties under N.C. Gen. Stat. § 113A-64 is still necessary to the enforcement of the SPCA.

**[3]** Defendant also argues that DEHNR should have utilized the stop-work order provision instead of the penalty provision and that had it done so, the penalty assessed against him would have been smaller. Assuming arguendo that DEHNR could have issued a stop-work order, defendant cannot dictate the enforcement mechanism to be used by DEHNR. DEHNR, in electing its enforcement mechanism, had sent a notice of violation advising defendant to correct the violations by a certain date. Had he done so, the penalty would have been considerably less than that imposed.

Finally, defendant argues that we should reverse the order of summary judgment for plaintiff since there were genuine issues of material fact as to the constitutionality of the SPCA. For the reasons already discussed herein, we disagree. Summary judgment shall be rendered when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1990). The movant has the burden of making a prima facie showing that no genuine issue of fact exists. When this burden is met, the opposing party must come forward with evidence in opposition. *State ex. rel. Grimsley v. Buchanan*, 64 N.C. App. 367, 368, 307 S.E.2d 385, 386 (1983). Plaintiff's verified complaint and accompanying exhibits were sufficient to make a prima facie showing

that it was entitled to recover the penalty. Defendant's affidavit in opposition to the motion for summary judgment fails to raise genuine issues of material facts and plaintiff was entitled as a matter of law to the relief granted. *See State ex. rel. Grimsley v. Buchanan*, 64 N.C. App. 367, 370, 307 S.E.2d 385, 387 (1983).

The State cross-appeals, assigning error to the trial court's finding that the constitutionality of the SPCA presented a justiciable issue of law and to the trial court's consideration of that issue. We need not address this assignment of error since we affirm the order.

Affirmed.

Judges EAGLES and GREENE concur.